IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APOLLO GROUP, INC. SECURITIES
LITIGATION

Case No. 06-MC-0558 (CKK)

(D. Ariz., Case No. CV-04-2147-PHX-JAT)

This Document Relates To:  All Actions

**DEFENDANT APOLLO GROUP, INC.'S OPPOSITION TO
RESPONDENT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO
MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TESTIMONY FROM
UNITED STATES DEPARTMENT OF EDUCATION**

Defendant Apollo Group, Inc. ("Apollo"), by and through its undersigned counsel,

respectfully opposes the motion by Respondent United States Department of Education

("Department") to extend its time to respond to Apollo's Motion to Compel the Production of

Documents and Testimony.  The Department's response was due on Friday, December 29, 2006,

and the Department is now requesting an extension of 21 days to January 19, 2007.

Apollo's motion relates to subpoenas Apollo has issued in connection with litigation

currently pending in the District of Arizona.  All discovery in the underlying litigation, including

depositions, must be completed by January 26, 2007.  (*See* Exhibit A, at 2.)  Apollo is

sympathetic with counsel's demands in other actions and with the fact that Apollo's motion was

filed before the holidays, but Apollo must oppose any extension that would prevent it from

receiving a ruling from this Court in time to take any ordered depositions prior to the January 26,

2007 discovery cut-off.

**RECEIVED**

JAN - 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

Furthermore, Apollo timely served its motion on December 18, 2006 on the Department's Office of General Counsel, which had previously responded to the subpoenas that are the subject of this motion.

Accordingly, Apollo respectfully opposes Department's motion for extension of time, to the extent that the request would prevent Apollo from taking any ordered depositions prior to January 26, 2007. Apollo does not oppose any extension that allows sufficient time to receive a ruling from this Court and take any ordered depositions prior to January 26, 2007.

Respectfully Submitted,

Dated: January 2, 2007

Wayne W. Smith
Joseph P. Busch, III
Daniel P. Muino
Kristopher P. Diulio
GIBSON, DUNN & CRUTCHER LLP
4 Park Plaza, Suite 1400
Irvine, CA 92614
Telephone: (949) 451-3800
Facsimile: (949) 451-4220

Douglas R. Cox, SBN 459668
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

Attorneys for Defendant Apollo Group, Inc.

1
2
3
4
5
6          **IN THE UNITED STATES DISTRICT COURT**
7              **FOR THE DISTRICT OF ARIZONA**
8
9   Sekuk Global Enterprises, et al.,        )    CV 05-2147-PHX-JAT
10              Plaintiff(s),                 )    **RULE 16 SCHEDULING ORDER**
                                             )
11      v.                                   )
                                             )
12  Apollo Group, Inc., et al.,              )
                                             )
13              Defendant(s).                )
                                             )
14  _____)
15
16          On December 19, 2005, a Scheduling Conference was held in open Court pursuant
17  to Rule 16(b) of the Federal Rules of Civil Procedure.  Prior to the conference, the parties
18  filed a joint Rule 26(f) Proposed Case Management Plan.  Pursuant to the terms of the Plan
19  and the representations made by the parties at the Scheduling Conference, all parties were
20  ordered to comply with the deadlines established in this Order.
21          **IT IS THEREFORE ORDERED** that the current provisions of the Federal Rules of
22  Civil Procedure shall apply to all proceedings concerning this case.
23          **IT IS FURTHER ORDERED** that all Initial Disclosures as defined in Federal Rule
24  of Civil Procedure 26(a), if not already exchanged prior to the time of the Scheduling
25  Conference, shall be made **no later than ten (10) days** after the entry of this Order.
26          **IT IS FURTHER ORDERED** that to satisfy the requirements of Federal Rule of
27  Civil Procedure 26(a), the parties shall file with the Clerk of the Court a <u>Notice of Initial</u>
28  <u>Disclosure</u> rather than copies of the actual disclosures.

1    **IT IS FURTHER ORDERED** that the date by which the class shall be certified is

2    January 31, 2006.

3    **IT IS FURTHER ORDERED** that any motion to amend the Complaint shall be filed

4    no later than February 27, 2006. If no amended complaint is filed, any motion to amend the

5    Answer shall be filed no later than March 24, 2006.

6    **IT IS FURTHER ORDERED** that the Plaintiff(s) shall disclose the identity of any

7    person who may be used at trial to present evidence under Federal Rules of Evidence 702,

8    703, 704, and 705 no later than August 15, 2006.[1]    The Defendant(s) shall disclose the

9    identity of any person who may be used at trial to present evidence under Federal Rules of

10   Evidence 702, 703, 704, or 705 no later than September 15, 2006.    Rebuttal expert

11   disclosure, if any, shall be made no later than October 13, 2006. No deposition of any expert

12   witnesses shall occur before the disclosures concerning expert witnesses mandated by this

13   Order are made.

14   **IT IS FURTHER ORDERED** that the disclosures of the identities of any persons

15   who may be used at trial to present evidence under Federal Rules of Evidence 702, 703, 704,

16   or 705 shall also include all of the disclosures required by Federal Rule of Civil Procedure

17   26(a)(2)(B) if the witness is either (1) retained or specifically employed to provide expert

18   testimony in the case, or (2) is an agent or employee of the party offering the testimony

19   whose duties regularly involve giving expert testimony.

20   **IT IS FURTHER ORDERED** that all discovery, including depositions of parties,

21   witnesses, and experts, answers to interrogatories, and supplements to interrogatories must

22   be completed by January 26, 2007.    In no event, however, shall this provision alter the

23   duties and obligations imposed upon the parties by Federal Rule of Civil Procedure 26(e).

24   This Order contemplates that each party will conduct discovery in an expeditious manner so

25

26

27   [1]    The parties are hereby given notice that this Order requires disclosure greater than

28   that required by Federal Rule of Civil Procedure 26(a)(2).

1   as to **complete, within the deadline, any and all discovery**.[2]

2       **IT IS FURTHER ORDERED** that depositions shall be limited as provided by Rules

3   30 and 31 of the Federal Rules of Civil Procedure and as provided by the presumptive

4   discovery rules established in Civil Local Rule 16.2, Rules of Practice for the United States

5   District Court for the District of Arizona ("Civil Local Rules"), unless the parties otherwise

6   stipulate in writing when permitted to do so pursuant to the Rules or when granted

7   permission to depart from the provisions of the Rules by Order of this Court. To the extent

8   that the Federal Rules of Civil Procedure differ from Civil Local Rule 16.2, the provisions

9   of the Civil Local Rules shall govern.

10      **IT IS FURTHER ORDERED** that notwithstanding any provisions of the Federal

11  Rules of Civil Procedure or any other provisions of this Order, non-party witnesses shall **not**

12  be permitted to attend, either physically, electronically, or otherwise, the deposition of any

13  other witness in this case without an Order of this Court to the contrary.

14      **IT IS FURTHER ORDERED** that discovery by interrogatory shall generally be

15  governed by Federal Rule of Civil Procedure 33. However, notwithstanding Civil Local

16  Rule 16.2 or Federal Rule of Civil Procedure 33, there is a limit of __35__ interrogatories,

17  including discrete sub-parts, applicable to this case.

18      **IT IS FURTHER ORDERED** reminding counsel of their duty under Rule 26(e) of

19  the Federal Rules of Civil Procedure to supplement all Rule 26(a) disclosures and responses

20  to discovery requests. Pursuant to Rule 26(e)(1), any additions or other changes to

21

22     [2]  As set forth in the Order Setting Rule 16 Scheduling Conference, the Court will **not**
23  entertain discovery disputes after the close of discovery barring extraordinary circumstances.
    Therefore, the parties shall **complete** all discovery by the deadline set forth in this Order
24  (**complete** being defined as including the time to propound discovery, the time to answer all
25  propounded discovery, the time for the Court to resolve all discovery disputes, and the time
    to complete any final discovery necessitated by the Court's ruling on any discovery
26  disputes). Thus, "last minute" or "eleventh hour" discovery which results in insufficient time
27  to undertake additional discovery and which requires an extension of the discovery deadline
    will be met with disfavor, and may result in denial of an extension, exclusion of evidence,
28  or the imposition of other sanctions.

1   information previously disclosed must be made prior to the time that Rule 26(a)(3) Pretrial

2   Disclosures are due. Since this Court effectively requires all Rule 26(a)(3) Pretrial

3   Disclosures to be contained in the **joint** Proposed Final Pretrial Order, this Order

4   contemplates that all exhibits and witnesses that may be offered at trial will have been

5   disclosed before the close of discovery as established by the provisions of this Order.

6   This Order therefore supersedes the "thirty-day before trial" disclosure deadline contained

7   in that Rule. Therefore (1) failure to have timely supplemented a Rule 26(a) disclosure,

8   including but not limited to witnesses and exhibits, (2) failure to have timely supplemented

9   responses to any valid discovery requests, or (3) attempting to include any witnesses or

10   exhibits in the **joint** Proposed Final Pretrial Order that were not previously disclosed in a

11   timely manner so as to allow for meaningful discovery prior to the discovery deadline set

12   forth in this Order, may result in the exclusion of such evidence at trial or the imposition of

13   other sanctions.

14       **IT IS FURTHER ORDERED** that, **in the event of a discovery dispute, the parties**

15   **shall jointly contact the Court via conference call to request a telephonic conference**

16   **prior to filing any written discovery motions.** The parties shall **not** contact the Court

17   regarding a discovery dispute unless they have been unable to resolve the dispute themselves

18   after personal consultation and sincere efforts to do so. The parties shall **not** file any written

19   materials related to a discovery dispute without express leave of Court. If the Court does

20   order written submissions, the movant shall include a statement certifying that counsel could

21   not satisfactorily resolve the matter after personal consultation and sincere efforts to do so

22   in accordance with Civil Local Rule 7.2(j).

23       **IT IS FURTHER ORDERED** that all dispositive motions shall be filed no later than

24   February 23, 2007 . Such motions must be, in all respects, in full compliance with the Civil

25   Local Rules.

26       **IT IS FURTHER ORDERED** that each party shall file **no more than one motion**

27   **for summary judgment** unless leave of Court is obtained. To obtain leave of Court, a party

28   shall file a motion setting forth the reasons justifying the filing of more than one summary

1    judgment motion and/or the reasons the party seeks leave to exceed the page limits set forth

2    in Civil Local Rule 7.2(e).

3        **IT IS FURTHER ORDERED** that all parties are hereby specifically admonished that

4    failure to respond to a motion by serving and filing an answering memorandum within the

5    time period expressly provided for in Civil Local Rule 7.2(c), 56.1(b) and/or 12.1(b) may be

6    deemed a consent to the denial or granting of the motion and the Court may dispose of the

7    motion summarily pursuant to Civil Local Rule 7.2(i).

8        **IT IS FURTHER ORDERED** that, the parties shall not notice oral argument on any

9    motion.  Instead, a party desiring oral argument on a motion shall request argument by

10   placing **"Oral Argument Requested"** immediately below the title of such motion.  The

11   Court will then issue a minute entry order scheduling the oral argument if it deems one

12   necessary.

13       Oral argument shall be scheduled at the request of a party on all motions to dismiss

14   and motions for summary judgment.  On all other motions on which a party requests oral

15   argument as set forth above, the Court will determine whether oral argument is necessary.

16   The parties are reminded that obtaining oral argument is purely administrative.  Accordingly,

17   regardless of a scheduled oral argument, the Court may, at any time, determine that oral

18   argument is unwarranted and rule on the motion without oral argument.

19       **IT IS FURTHER ORDERED** that any and all motions, requests, or stipulations for

20   extensions of time shall be made in accordance with the provisions of Civil Local Rule 7.3.

21   Notwithstanding this directive, however, if such motion, request, or stipulation seeks an

22   extension of time in which to file a memorandum in response or in reply to a motion

23   previously noticed for oral argument, under no circumstances shall such motion, request, or

24   stipulation seek an extension that would preclude the Court from having at least **thirty (30)**

25   **days** from the due date for the filing of the reply memorandum to consider the merits of the

26   underlying motion unless the motion, request, or stipulation also seeks to vacate and

27   reschedule the oral argument.  Any motion, request, or stipulation that seeks both an

28   extension of time and the rescheduling of oral argument shall contain a memorandum of

1  points and authorities that demonstrates good cause for the Court to grant the requested

2  extension. The deadlines set forth in this Order are the deadlines by which a party must file

3  documents with the Court, in addition to serving opposing counsel, notwithstanding Federal

4  Rule of Civil Procedure 5(d).

5  **IT IS FURTHER ORDERED** that, if no dispositive motions are pending before the

6  Court after the dispositive motion deadline has passed, **Plaintiff(s) shall file and serve a**

7  **Notice of Readiness for Final Pretrial Conference within ten (10) days of the dispositive**

8  **motion deadline**.

9  **IT IS FURTHER ORDERED** that, if dispositive motions are pending before the

10  Court following the dispositive motions deadline, **Plaintiff(s) shall file and serve a Notice**

11  **of Readiness for Final Pretrial Conference within ten (10) days of the resolution of the**

12  **last dispositive motion**.[3]

13  **IT IS FURTHER ORDERED** that the Order Setting Final Pretrial Conference will:

14  (1) set deadlines for the filing of and response to motions in limine; (2) instruct the parties

15  on their duties in preparing for the Final Pretrial Conference and for trial; and (3) include a

16  form for the completion of the parties' **joint** Proposed Final Pretrial Order.

17  **IT IS FURTHER ORDERED** that because the deadlines set forth herein will trigger

18  setting a trial date, the Court deems these deadlines to be the equivalent of a firm trial date.[4]

---

[3]  Though the Court discourages the filing of motions for reconsideration, should a party choose to file a motion for reconsideration of an interlocutory order, such party shall file such motion under the standard set forth in *Motorola, Inc. v. J.B. Rogers Mechanical Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

[4]  Additionally, it is not unusual for the Court to set a trial date within 60 days of the resolution of the last pending dispositive motion (or within 30 days of the final pretrial conference). Therefore, the parties can calculate approximately when their trial date will be based on either the resolution of the last pending dispositive motion, or the setting of the final pretrial conference.

- 6 -

1     **IT IS FURTHER ORDERED** that the parties shall keep the Court informed

2 regarding the possibility of settlement and, should settlement be reached, the parties shall file

3 a Notice of Settlement with the Clerk of the Court.

4     **IT IS FURTHER ORDERED** that the Court views compliance with the provisions

5 of this Order as critical to its case management responsibilities and the responsibilities of the

6 parties under Rule 1 of the Federal Rules of Civil Procedure.

7     **IT IS FURTHER ORDERED** setting jury trial for **November 14, 2007 at 9:00 a.m.**

8 The Court considers this a FIRM trial date.

9     DATED this 19th day of December, 2005.

10

11

12

13                       James A. Teilborg

14                       United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CERTIFICATE OF SERVICE

I, Larry Newsom, declare as follows:

I am employed in the District of Columbia; I am over the age of eighteen years and am not a party to this action; my business address is 1050 Connecticut Avenue, N.W., Washington, D.C.. On January 3, 2007, I served the following document(s):

**DEFENDANT APOLLO GROUP, INC.'S OPPOSITION TO
RESPONDENT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO
MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TESTIMONY FROM
UNITED STATES DEPARTMENT OF EDUCATION**

on the parties stated below, by placing a true copy thereof in an envelope addressed as shown below by the following means of service:

| | |
|---|---|
| Stephen R. Basser<br>Samuel M. Ward<br>Barrack, Rodos & Bacine<br>402 W. Broadway, Ste. 850<br>San Diego, CA 92101<br>sbasser @barrack.com<br>sward@barrack.com | General Counsel<br>U.S. Department of Education<br>Office of the General Counsel<br>400 Maryland Avenue, S.W., Room 4083, FOB-6<br>Washington, DC 20202-2100<br>**\* No email service** |
| Andrew S. Friedman<br>Bonnett, Fairbourn, Friedman & Balint<br>2901 North Central Ave., Suite 1000<br>Phoenix, AZ 85012<br>afriedman@bffb.com | Heather D. Graham-Oliver<br>United States Department of Justice<br>Judiciary Center Building<br>555 4th Street, N.W.<br>Washington, DC 20530<br>heather.graham-oliver@usdoj.gov |

[X] **BY E-MAIL:** I e-mailed a true copy addressed as indicated in the attached service list, on the above-mentioned date.

[X] **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY FACSIMILE:** From facsimile number (949) 451-4220 at _____ a.m./p.m., I caused each such document to be transmitted by facsimile machine, to the parties and numbers indicated above, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

[X] **(FEDERAL)**    I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 3, 2007.

Larry Newsom