IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APOLLO GROUP, INC. SECURITIES
LITIGATION

This Document Relates To:  All Actions

Case No. 06-MC-0558 (CKK)

(D. Ariz., Case No. CV-04-2147-PHX-JAT)

## MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF IN OPPOSITION TO RESPONDENT'S MOTION TO SUPPLEMENT CROSS-MOTION TO QUASH

Defendant Apollo Group, Inc. ("Apollo") objects to the United States Department of Education's ("Department") attempt to introduce an entirely new argument at this late stage to justify its continued non-compliance with a valid federal subpoena.  Although Apollo consented to the Department's request to file a Reply on its Cross-Motion to Quash and a one-day extension of the date by which its Reply must be filed, Apollo did not consent to the Department raising for the first time an argument it has waived by not including this argument in its initial Opposition or Motion to Quash.

To the extent this Court grants the Department's Motion to Supplement, Apollo respectfully requests leave to file this Sur-Reply and attached Memorandum of Points and Authorities in response to the Department's supplemental argument and in support of Apollo's Motion to Compel the Production of Documents.

Respectfully Submitted,

Dated:  February 13, 2007

/s/ Melanie L. Katsur
Melanie L. Katsur (DC Bar No. 484969)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036

Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539


Wayne W. Smith
Joseph P. Busch, III
Daniel P. Muino
Kristopher P. Diulio
GIBSON, DUNN & CRUTCHER LLP
4 Park Plaza, Suite 1400
Irvine, CA 92614
Telephone:  (949) 451-3800
Facsimile:  (949) 451-4220

Attorneys for Defendant Apollo Group, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APOLLO GROUP, INC. SECURITIES
LITIGATION

Case No. 06-MC-0558 (CKK)

(D. Ariz., Case No. CV-04-2147-PHX-JAT)

This Document Relates To:  All Actions

**SUR-REPLY BRIEF IN OPPOSITION TO RESPONDENT'S MOTION TO
SUPPLEMENT CROSS-MOTION TO QUASH**

## I.    INTRODUCTION

The United States Department of Education ("Department") still refuses to comply with a valid federal subpoena pursuant to Federal Rule of Civil Procedure 45.  The Department practically ignores the arguments raised by Apollo Group, Inc. ("Apollo") in its Reply Brief in support of its Motion to Compel and does not seriously argue that it produced a privilege log as mandated by the Federal Rules of Civil Procedure.  Apollo has been prejudiced by the Department's course of conduct and it does not matter that the Department provided Apollo with a meaningless log of the documents it *did* produce.  The Department's failure here is serious and sufficiently egregious given the abundant opportunity it has had to correct its failure.  For this reason alone, the Department should be ordered to produce the requested documents.

Second, the Department mocks Apollo for suggesting that the Department may not take entirely self-contradictory positions with respect to the nature of the program review report that is one subject of this dispute.  Department's Reply and Motion to Supplement (hereinafter "Supplement") at 10.  Rather than address the full force of the argument, the Department hides behind a conclusory statement that the "Department released the Program Review to Apollo but the deliberations and confidential information leading up to it are confidential."  Supplement at 10.  This response misses the entire point.  The Department has conceded that the program review process and the material it generated was the product of a routine audit.  As such, the program review material simply "could not reasonably be said to reveal an agency's or official's mode of formulating or exercising policy-implicating judgment."  *Petroleum Info. Corp. v. Department of the Interior*, 976 F.2 1429, 1435 (D.C. Cir. 1992).

Now at the eleventh hour, with no apparent viable arguments left to make, the Department abandons its previous futile challenges and argues for the first time that Rule 45 cannot be used to "bypass" the Department's public disclosure mechanisms under *Touhy* and

FOIA, and that this Court lacks jurisdiction to hear Apollo's motion.  Supplement at 7.  On its face, the Department's supplemental argument ignores the fact that Apollo has served a *valid* Rule 45 subpoena in accordance with the Department's *Touhy* regulations.  Moreover, the entirety of the Department's Supplement is unsupported by the case law cited therein.  The cases cited by the Department are either inapplicable or have been overruled by the D.C. Circuit.  In short, the Department's *Touhy* regulations do not exempt the Department from complying with a valid Rule 45 subpoena nor do they prevent this Court from reviewing and correcting the Department's obvious non-compliance.

## II.     FACTUAL BACKGROUND

Apollo served the Department with a subpoena for the production of documents on June 5, 2006.  The Department responded to this first subpoena via letter, stating that it would not comply because the Subpoena did not follow applicable Department regulations.  Department of Justice Letter, June 29, 2006, attached hereto as Exhibit A.  Specifically, the Department claimed that the June 6 subpoena did not conform to 34 C.F.R. § 8.3, which states that:

(a)  A demand for testimony of an employee or former employee, or a demand for records issued pursuant to the rules governing the legal proceeding in which the demand arises –

(1)  Must be in writing; and

(2)  Must state the nature of the requested testimony or records and why the information sough is unavailable by any other means.

* * *

(c)  Service of a demand for records, as described in 8.5(a)(1), must be made on an employee or former employee who has custody of the records, with a copy simultaneously delivered to the General Counsel. . .

2

Although Apollo disputed that 34 C.F.R. § 8.3 could trump the carefully calibrated procedure set forth in Rule 45, in the interests of efficiency and economy, Apollo issued an amended subpoena on July 3, 2006.  This amended subpoena (1) was validly issued pursuant to Rule 45, (2) was properly served on the Department's custodian of records, and (3) contained a statement regarding the nature of the requested record and an explanation as to why the records in question are unavailable by any other means.  As such, the July 3 subpoena fully met the requirements of 34 C.F.R. § 8.3.  For 218 days, the correctness of this argument remained undisturbed as the Department never once argued or questioned the validity of Apollo's amended subpoena, not even when the Department filed its opening brief with this Court.

### III.    ARGUMENT

Since the beginning of the briefing schedule in this case, the Department has claimed that the documents sought by Apollo's subpoena were protected from disclosure pursuant to the deliberative process privilege, attorney-client privilege, and work product doctrine.  Never before has the Department so much as mentioned in any pleading that the Department's *Touhy* regulations excused non-compliance with the Federal Rules or a valid federal subpoena.  Now, however, in its Supplement, the Department argues that it need not comply with a Rule 45 subpoena because its own internal regulations permit non-compliance.  Temporarily overlooking the fact that the Department's argument is entirely untimely and waived, the Department's argument boils down to a theory that Rule 45 does not apply to federal agencies, such as the Department.  The Department overlooks, however, that this very argument was soundly rejected by the D.C. Circuit last year.  The Department, therefore, is left to rely upon case support that is either inapplicable or that stands for a proposition that has been overruled by the D.C. Circuit.

The Department also argues that Apollo's sole remedy to enforce a valid Rule 45 subpoena is through an Administrative Procedure Act ("APA") or a FOIA action because federal

courts lack jurisdiction to review the Government's compliance with a Rule 45 subpoena.  But this argument is also contradicted by the law of this Circuit.

## A.      The Department May Not Raise New Arguments In A Supplemental Brief

The law of this Circuit is clear:  A party may not raise new arguments for the first time in a reply or supplemental brief.  *See Pub. Citizen Health Research Grp. v. Natn'l Insts. of Health*, 209 F. Supp. 2d 37, 43-44 (D.D.C. 2002) (finding that courts "highly disfavor[] parties creating new argument at the reply stage that were not fully briefed during the litigation").  Indeed, this Court has refused to hear such arguments, finding such submissions to be improper and in violation of the orderly presentation of cases.  *See Dorocon, Inc. v. Burke*, No. 02-2556 (CKK), 2005 U.S. Dist. LEXIS 36201 at *46 n.2 (D.D.C. Dec. 16, 2005) (rejecting as "improper" new argument raised in Reply brief).  Indeed, the D.C. Circuit has an identical rule that it vigilantly enforces.  *See Coalition for Non Commercial Media v. FCC*, 249 F.3d 1005, 1010 (D.C. Cir. 2001) (holding that a Reply Brief, "as we have said many times, is too late for a new argument").  Accordingly, this Court need not even consider the Department's eleventh hour pleading.

Should this Court nonetheless decide to entertain the Department's last-minute argument, the Department's argument should be rejected on the merits.

## B.      The D.C. Circuit Has Held That Government Agencies Are Subject To Rule 45 Subpoenas

In June 2006, the D.C. Circuit held in *Yousuf v. Samantar* that the federal government is a "person" that is subject to subpoena under Rule 45.  451 F.3d 248, 257 (D.C. Cir. 2006) ("we hold the Government is a 'person' subject to subpoena under Rule 45 regardless whether it is a party to the underlying litigation").  In *Yousuf*, the plaintiff served the United States Department of State (the "State Department") with a non-party subpoena pursuant to Rule 45 along with a request pursuant to the State Department's *Touhy* regulations.  After the State Department

refused to comply with the subpoena, plaintiff moved to compel in the District Court for the District of Columbia. *Id.* at 250. The Government opposed the motion, claiming that it was not a "person" subject to a Rule 45 subpoena and that the plaintiff had not followed the applicable *Touhy* procedures. *Id.* The District Court denied plaintiff's motion to compel, holding that the State Department, as a federal agency, was not a "person" subject to Rule 45 subpoenas. *Id.* The D.C. Circuit reversed.

In doing so, the D.C. Circuit rejected the Government's "creativ[e]" argument that the United States is not subject to a Rule 45 subpoena. *Id.* at 250. The court found as "illogical and anachronistic" the Government's argument that FOIA or *Touhy* regulations somehow adversely impact the ability of civil litigants "to subpoena the Government for information demonstrably relevant to their cases." *Id.* at 257.

Here, while purporting to give lip service to *Yousuf*, *see* Supplement at 7, the Department ignores *Yousuf's* holding and teachings and instead argues that Rule 45 cannot be used to "bypass the FOIA and *Touhy* – the mechanisms governing public disclosure of federal records in response to third party requests." Supplement at 7. But Apollo is not seeking "public disclosures"; this is not a case where disclosure to Apollo would amount to disclosure to the world. *See Painting & Drywall Work Preservation Fund v. HUD*, 936 F.2d 1300, 1303 (D.C. Cir. 1991) (Under FOIA "[i]f it must be released to one requester, it must be released to all, regardless of the uses to which it might be put."). Rather Apollo has issued a valid federal subpoena to the Department for documents that are highly relevant to its defense in a securities class action now pending in federal District Court and for which Apollo has a significant and urgent need. And, although conveniently overlooked by the Department, Apollo complied with 34 C.F.R. § 8.3. Despite the validity of Apollo's subpoena, the Department now claims that it

need not respond based on the discretion it prescribes itself in its own internal regulations. *See* 34 C.F.R. § 8.5. This argument is inconsistent with *Yousuf*. Indeed, to accept the Department's position, this Court must necessarily reject *Yousuf's* holding and instead find that the Government is not subject to a Rule 45 subpoena because it can promulgate internal regulations that grant it blanket and nearly unbridled discretion to refuse to comply with a valid subpoena. To grant a federal agency such enormous, self-protective and nearly unchecked power is to find that the Government is not a "person" that is subject to a Rule 45 subpoena. And it cannot be that an executive department can exempt itself from validly enacted federal rules by simply and conveniently adopting regulations to such effect.

**C.     The Authorities Cited By The Department Do No Support Its Argument That It Need Not Comply With A Rule 45 Subpoena**

To support its argument that the Government has discretion to ignore a Rule 45 subpoena, the Department cites *Aloha Care, Inc. v. Haw. Dep't of Human Services*, No. 04-498 (CKK), 2005 U.S. Dist. LEXIS 41202 (June 28, 2005). In *Aloha Care*, the Court denied a motion to compel a federal agency's compliance with Rule 45 subpoenas, holding in a pre-*Yousuf* decision that "the term 'person' in Rule 45 does not include[] the federal government." *Id.* at *21. Accordingly, the Court in *Aloha Care* ruled that a civil plaintiff "cannot employ Rule 45 to subpoena documents from [a federal agency]." *Id.* This is the exact rationale that was subsequently rejected by the D.C. Circuit in *Yousuf*. *Yousuf*, 451 F.3d at 257. Notably, the Department makes no attempt to rectify the holding in *Aloha Care* with *Yousuf*.

The Department also claims that this Court lacks jurisdiction to enforce a subpoena against the Government, citing *Santini v. Herman*, 456 F. Supp. 2d 69 (D.D.C. 2006). The subpoena at issue in *Santini*, however, was issued by a state court in connection with a state court action, unlike the Rule 45 subpoena at issue here. The Court in *Santini* held that it "is without

jurisdiction to enforce a Superior Court subpoena against the Federal Government." *Id.* at 72. Accordingly, the state court plaintiff in *Santini* was required to bring a FOIA or APA action to seek documents relating to her pending state court litigation. Because the federal subpoena at issue in this matter was issued pursuant to Rule 45 regarding litigation that is currently pending in federal court, *Santini* is not instructive.

The Department also cites *Puerto Rico v. United States* in its brief without analysis or comment. Similar to *Santini*, the facts of *Puerto Rico* are inapplicable to the dispute before this Court. At issue in *Puerto Rico* were "informational requests" from the Commonwealth of Puerto Rico to the Federal Bureau of Investigation regarding law enforcement activities in Puerto Rico. *Puerto Rico v. United States*, No. 06-049, 2006 U.S. Dist. LEXIS 70236 (D.P.R. Sept. 26, 2006). The District Court in *Puerto Rico* held that review of the Government's refusal to comply with the information requests must be made under the APA. *Id.* at *37-38.[1]

Here, Apollo issued a Rule 45 subpoena in connection with litigation currently pending in federal District Court in Arizona. Because Rule 45 applies to federal agencies and District Courts have the jurisdiction to enforce Rule 45 subpoenas, *see* Rules 37(a)(1) & 45(c)(3), the

---

[1]    To support this holding, the Court in *Puerto Rico* cited four opinions, but each of those opinions involved non-Rule 45 subpoenas that could *only* be reviewed under the APA. *Id.* (citing *Mak v. FBI*, 252 F.3d 1089, 109 (9th Cir. 2001) (finding that state court lacked authority to issue subpoena to federal agency); *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 278 (4th Cir. 1999) (refusing to enforce invalid arbitrator's subpoena against federal government); *Smith v. Cromer*, 159 F.3d 875, 881 (4th Cir. 1998) (rejecting motion to compel state court subpoena on account of sovereign immunity); *Elko County Grand Jury v. Siminoe*, 109 F.3d 554, 557 (9th Cir. 1997) (affirming lower court decision to quash a state grand jury subpoena issued to federal employee because of sovereign immunity)). Each of these opinions concerned non-Rule 45 subpoenas, which the respective federal agency processed under their particularized *Touhy* regulations. Because federal courts were unable to enforce against the United States the non-Rule 45 subpoenas, the plaintiffs' only recourse was review under the APA.

cases cited by the Department, such as *Santini*, *Puerto Rico*, and the authorities cited therein have no bearing to the motion currently pending before this Court.

**D.    A Motion To Compel Is The Proper Mechanism To Challenge The Department's Failure To Comply With The Subpoena**

When a subpoena is issued pursuant to Rule 45 in connection with litigation currently pending in federal court, a district court can review compliance with the subpoena on a motion to compel.  The Department, however, argues that this Court cannot consider a motion to compel compliance with a Rule 45 subpoena, and that Apollo must instead file a separate lawsuit under the APA.  This position finds no support in the law or facts applicable to Apollo's motion  *See Yousuf*, 451 F.3d at 257 (remanding "motion to compel" back to the District Court and not requiring plaintiff to bring an APA action as the Department suggests here); *see also United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, No. 99-3298 (RCL), 2007 U.S. Dist. LEXIS 8279, at * 4-7 (D.D.C. Feb. 7, 2007) (granting motion to compel federal agency's compliance with Rule 45 subpoena).

In *Pogue*, the District Court denied plaintiff's motion to compel a federal agency's compliance with a Rule 45 subpoena in a pre-*Yousuf* opinion.  *Id.* *4-5.  Following *Yousuf*, the Court reconsidered its prior ruling and granted plaintiff's ***motion to compel*** the Government's compliance with the subpoena.  Notably, the District Court did not require the plaintiff to bring a separate APA action, as argued by the Department in its Supplement.  Although the Court in *Pogue* instructed the plaintiff to follow the agency's *Touhy* regulations in serving its subpoena, it also explained that when the agency has completed its response under its regulations, the plaintiff "may seek review of this final agency action through a ***motion to compel*** further compliance."  *Id.* at *7 (emphasis added).  Rather than direct the plaintiff to file an APA action,

8

the Court directed the plaintiff to file a motion to compel to address any substantive objections raised by the agency and "compel further compliance with the subpoena if necessary." *Id.*

Here, as in *Pogue*, Apollo has served a valid Rule 45 subpoena that complies with the Department's *Touhy* regulations. *See* 34 C.F.R. § 8.3. Finding that the Department's response to the subpoena was materially incomplete, Apollo has now brought this motion to compel and the Department has made substantive objections in an effort to excuse its non-compliance. In this case, just as in *Pogue* and *Yousuf*, a motion to compel is the proper vehicle for this Court to review—and in this case, correct—the Department's failure to comply with Apollo's valid Rule 45 subpoena.

## IV.  CONCLUSION

The Department's supplemental arguments should not be heard and if heard, should be rejected. The Department is subject to a Rule 45 subpoena and Apollo has met the procedural requirements of the Department's *Touhy* regulations. The Department still, however, refuses to comply with the subpoena. Accordingly, this Court has jurisdiction to order the Department to comply with Apollo's subpoena.

Respectfully Submitted,

Dated:  February 13, 2007

/s/ Melanie L. Katsur
Melanie L. Katsur (DC Bar No. 484969)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539

Wayne W. Smith
Joseph P. Busch, III
Daniel P. Muino
Kristopher P. Diulio
GIBSON, DUNN & CRUTCHER LLP

9

4 Park Plaza, Suite 1400
Irvine, CA 92614
Telephone:  (949) 451-3800
Facsimile:  (949) 451-4220

Attorneys for Defendant Apollo Group, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused to be served a true and correct copy of Defendant Apollo Group Inc.'s Motion for Leave to File Sur-Reply Brief in Opposition to Respondent's Motion to Supplement Cross-Motion to Quash And Sur-Reply Brief in Opposition to Respondent's Motion to Supplement Cross-Motion to Quash by regular U.S. mail this 13th day of February, 2007, upon the following:

| | |
|---|---|
| Stephen R. Basser | Heather D. Graham-Oliver |
| Samuel M. Ward | United States Department of Justice |
| Barrack, Rodos & Bacine | Judiciary Center Building |
| 402 W. Broadway, Ste. 850 | 555 4th Street, N.W. |
| San Diego, CA 92101 | Washington, DC 20530 |
| sbasser @barrack.com | heather.graham-oliver@usdoj.gov |
| sward@barrack.com | |
| | |
| Andrew S. Friedman | General Counsel |
| Bonnett, Fairbourn, Friedman & Balint | United States Department of Education |
| 2901 North Central Ave., Suite 1000 | Office of the General Counsel |
| Phoenix, AZ 85012 | 400 Maryland Avenue, S.W., Room |
| afriedman@bffb.com | 4083, FOB-6 |
| | Washington, DC 20202-2100 |

_____/s/Larry Newsom_
Larry S. Newsom