UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APOLLO GROUP, INC. SECURITIES LITIGATION )<br><br>)<br>)<br>)  06-MC-0558 (CKK)<br>)<br>)<br>)<br>This Document Relates To: Subpoena Action )<br>(D. Ariz., Case No. CV-04-2147-PHX-JAT) )<br>) | |

**RESPONDENT'S REPLY
TO OPPOSITION TO MOTION TO SUPPLEMENT**

**INTRODUCTION**

The Petitioner filed its Motion to Compel on December 19, 2006. PACER DKT. # 1. On January 19, 2007, the Respondent filed: (1) an Opposition to the Petitioner's Motion to Compel and (2) a Cross Motion to Quash the subpoenas issued to the Department of Education (Department/DOE). PACER DKT. # 4 and 5. On January 26, 2007, Petitioner filed a consolidated Reply and Opposition to the Motion to Quash as well as a Motion to Strike Declarations.[1] PACER DKT. # 6 and 7. Thereafter, counsel for the Department pursuant to LCvR 7(m) called opposing counsel for two reasons: (1) to obtain an extension of time to file its Reply and (2) to determine whether there was any opposition to the Motion to Supplement its Motion to Quash. Opposing Counsel consented to the Department's filing of its Motion to Supplement. However, a discussion was had as to the fact that Petitioner (Apollo) would be opposing the supplementation on the merits.

On February 6, 2007, the Department filed its Motion to Supplement and on February 13,

---

[1] Respondent responded to the Motion to Strike on February 9, 2007.

2007, Apollo filed its Opposition. PACER DKT. # 9 and 11. The Department has put everyone on notice that it desires to supplement its argument in its Motion to Quash. Apollo has failed to establish any prejudice in the Department's placing all issues squarely before this Court.

**ARGUMENT**

**The *Touhy* Doctrine**

Pursuant to 5 U.S.C. § 301, the Department promulgated so-called *Touhy* regulations regulating their employees' ability to respond to third-party subpoenas for official information. See 34 C.F.R. §§ 8.1 - .5.[2] These regulations prohibit the unauthorized release of information by employees and provide a procedure for centralized agency decision-making concerning how the agency will respond to a subpoena or other request for documents served on an agency employee. United States ex rel. Touhy v. Ragen, 340 U.S. 462, 468 (1951).

These regulations also provide a procedure by which a subpoenaing litigant may obtain an agency decision. Id. Apollo failed to comply with the Department's *Touhy* regulations in ways that were documented in counsel's letters. See Respondent's Exhs. 7 and 8. As such, the Department exercised its prerogative and treated the request as one made under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, in accordance with its *Touhy* regulations. 34 C.F.R. § 8.5 (a)(2). See Respondent's Exh. 8.

Thus, in July of 2005, it was the Department's position that "inasmuch as it had previously responded to all aspects of [Apollo's] demand for production of documents, that 34

---

[2] "Under the federal Housekeeping Statute, 5 U.S.C. § 301, a federal agency may adopt procedures - dubbed *Touhy* regulations after the Supreme Court decision United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951) for responding to subpoenas and other requests for testimony or documents." Pogue, supra., at p. 6. See also Bobreski v. EPA, 284 F. Supp. 2d 67, 73 (D.D.C. 2003).

C.F.R. Part 8 does not require [it] to reprocess [the request again] under FOIA." Id.  See Final FOIA Determination Letter, Respondent's Exh. 6.

### The Application of *Yousuf*

The Department is not arguing that the government is not a "person" subject to Fed. R. Civ. P. 45.  That determination has already been made.  See Yousuf v. Samantar, 451 F.3d 248, 257 9D.C. Cir. 2006).  However, Yousuf did not abrogate the force of government *Touhy* regulations; on the contrary, it specifically found that the mere fact that a government is a person under Rule 45 does not do away with applicable Touhy regulations.  Even in United States, *ex rel*. A. Scott Pogue v. Diabetes Treatment Centers Of America, Inc., et al., Civ. Act. No. 99-3298 (RCL), 2007 U.S. Dist. LEXIS 8279, at 4-7 (D.D.C. Feb. 7, 2007),  a case cited by Apollo, the Court explicitly states that although under Yousuf the Federal government is a person under Rule 45, "Yousuf explicitly recognized, and did nothing to displace, the applicability of each agency's *Touhy* regime for handling requests for information, including subpoenas." The Pogue Court generally recognized and upheld the need to "go through the Touhy process." It held that "the valid *Touhy* regulations adopted by HHS require that a party must first seek agency approval before attempting to secure the testimony of a current or former agency employee.  After exhausting agency remedies, the party may then seek judicial review of **the agency decision** via an Administrative Procedure Act [APA] action." Id., at 6.  (Emphasis added)(citations omitted). Likewise, in the instant matter, Apollo's remedy is limited to an action under the APA.

### The Application of the APA

Apollo cites Pogue, as support for its position that a motion to compel is appropriate in this circumstance and that the standard of review under Rule 45 alone should be applied here.

Apollo's reliance on Pogue is misplaced. The Pogue decision is distinguishable from the circumstances in this case. First, the Department of Health and Human Services (HHS) Touhy regulations, considered in Pogue, are significantly different from the Education Department's regulations.

Under the HHS regulations, a third-party subpoena for documents is treated as a request made under FOIA if the subpoena is "legally insufficient, improperly served or from a tribunal not having jurisdiction." 45 C.F.R. §2.5(b). However, the Education Department's regulations mandate that records sought by third parties are available under Touhy only if two requirements are met: (a) the submission meets the requirements set forth at 34 C.F.R. §8.3; and (b) that a determination be made by the Secretary that the sought-after disclosure be both "appropriate under the rules of procedure governing the matter in which the demand arises and other applicable laws, rules and regulations" and "not be contrary to an interest of the United States, which includes furthering the public interest of the Department and protecting the human and financial resources of the United States." 34 C.F.R. § 8.5(c). Third-party demands for Department records that do not meet both of these requirements are processed as FOIA requests. 34 C.F.R. § 8.5(a)(2). That is exactly what occurred in the instant case.

In the Department's July 13, 2006 response, Apollo's demand was denied not only on the ground that it did not meet the requirement for compliance with a Touhy demand but also because "authorizing production of the documents sought would be contrary to the interests of the United States." See Respondent's Exh. 8. This distinction between the Department's regulations and those promulgated by HHS is fundamental. HHS's regulations state as a condition that the agency's obligation to comply with a third-party subpoena exists only on the

4

subpoena's legal sufficiency, proper service, and issuance from a court having jurisdiction.[3]

In addition, where HHS *had* issued a final agency decision (i.e. regarding a demand for testimony), the court in Pogue determined that the APA standard of review should be applied.[4] Pogue, 2007 U.S. Dist. LEXIS 8279, at 6-7. Notably, the Pogue court found - *where a final agency decision had been issued* - that such decision should be reviewed under the APA standard of review.[5] Thus, Pogue can not be cited for the proposition that the APA standard is not applicable in this case.

Similarly here, the Department has issued a final agency decision subject to APA review. In its July 13, 2006 final agency determination on Apollo's July 3, 2006 Touhy demand, the Department decided *inter alia* not to disclose the documents at issue because "authorizing production of the documents sought would be contrary to the interests of the United States." In making such a decision, the Department relied on, and incorporated by reference, the assertions of privilege it had made previously in its October 31, 2005 appeal determination on Apollo's FOIA request for the same documents. See Respondent's Exh. 8. Under the circumstances, the Department informed Apollo that its Touhy regulations directed that Apollo's demand be treated as a FOIA request. Inasmuch as the Department had previously responded to all aspects of Apollo's demand for production of documents under FOIA, it further advised Apollo that the

---

[3] The HHS regulations also advise that if the subpoena is determined by the Office of General Counsel to be legally sufficient, then, "the terms of the subpoena shall be complied with unless affirmative action is taken by the Department to modify or quash the subpoena in accordance with Fed. R. Civ. P. 45(c)." 45 C.F.R.§2.5(b).

[4] This determination was made in accordance with HHS regulations relating to third-party demands for testimony, at 45 C.F.R. §2.4, which differ from those relating to documents, at 45 C.F.R. §2.5.

[5] Id. at 7 ("If DTCA is unhappy with the scope of testimony that HHS has approved going forward, it can exhaust administrative remedies and seek review of the agency decision in accord with the APA").

Touhy regulations did not require Apollo's subpoena to be reprocessed as a request made under FOIA.

Moreover, Pogue cannot be misinterpreted as doing away with the APA standard of review applicable to final agency decisions under Touhy. The issue as to whether or not there was some other standard, other than that of the APA, was never raised in Pogue. In fact, the opinion as a whole supports the Department's argument that a party must proceed under the *Touhy* regulations and that the correct standard of review is the APA. Pogue, 2007 U.S. Dist. LEXIS 8279, at 6. Although the Court states that "DTCA may seek review of this final agency action through a motion to compel further compliance," the proper standard of review, even if the vehicle of a motion to compel is used, is absent from the Court's decision. Id., at 4. For Apollo to extrapolate something more from these words is to draw inference upon inference.

Accordingly, the Department maintains its position that a motion to compel is not appropriate under the circumstances of this case because: 1) the Department properly followed its own Touhy regulations by making a final determination that Apollo's subpoena did not meet the requirements of those regulations; 2) the Department's determination is subject to review only under the APA; and 3) Pogue cited by Apollo is inapposite to these circumstances. As a result, Apollo's motion to compel is not proper and Apollo has two avenues for judicial review of the Department's decision: (1) APA review of the Department's July 13, 2006 Touhy decision; or (2) *de novo* review of the Department's October 31, 2005 final agency determination on its FOIA request.

Apollo continues to cite the language of the one August 26, 2004 letter as a basis that all privilege assertions are bogus because the program review was a "routine audit." Privileged

materials, even if contained within an audit, may be withheld - particularly, if the so-called audit is the final audit.  The deliberative process privilege protects not merely documents, but also the integrity of the deliberative process itself where the exposure of that process would result in harm.  See e.g., Nat'l Wildlife Fed'n v. United States Forest Serv., 861 F.2d 1114, 1119 99th Cir. 1988); Schell v. HHS, 843 F2d 933, 940 (6th Cir. 1988) ("Because Exemption 5 is concerned with protecting the deliberative process itself, courts now focus less on the material sought and more on the effect of the material's release.") It appears that, despite repeated explanations by the Department, Apollo simply cannot distinguish a program review report from the documents that lead up to the audit report.  The August 26 letter merely referred to the Department's decision to release the program review report itself.  Since program reviews are normally routine investigations, the Department (as a policy) releases such documents and does not consider the final program review report to be a predecisional document.

No privilege log is required in this instance.  Because the Department processed its *Touhy* request as a FOIA- no privilege log is necessary.  Having to provide a privilege log to Apollo would: (1) not be in line with the Department's *Touhy* regulations, which allowed for the subpoena to be treated as a FOIA request and (2) would result in duplicative work and unnecessary allocation of the Department's resources in this case where the Department is not a party to the litigation and has no interest in the outcome.[6]

Wherefore, it is respectfully requested that the Court grant the Department's Motion to

---

[6] Of course, if Apollo decides to seek de novo review of the Department's decision pursuant to the FOIA, it would be entitled to a Vaughn index of the department's withholdings under FOIA.

Supplement, deny Apollo's Motion to Compel, and grant the Department's Motion to Quash.

                    Respectfully submitted,

                      /s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                      /s/
_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

                      /s/
_____
HEATHER D. GRAHAM-OLIVER
Assistant United States Attorney
Judiciary Center Building
555 4th St., N.W.
Washington, D.C. 20530
(202) 305-1334