IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APOLLO GROUP, INC. SECURITIES LITIGATION<br><br>This Document Relates To: All Actions | Case No. 06-MC-0558 (CKK)<br><br>(D. Ariz., Case No. CV-04-2147-PHX-JAT) |

### MOTION TO STRIKE RESPONDENT'S SECOND ATTEMPT TO SUPPLEMENT ITS OPPOSITION

Defendant Apollo Group, Inc. ("Apollo") objects to the filing by the United States Department of Education ("Department") of its *third* brief in opposition to Apollo's motion to compel, pending since December 18, 2006, and respectfully requests that this Court strike this attempt by the Department to again change its position after briefing has concluded.

Each of the Department's two unprecedented supplemental briefs raised new arguments in an attempt to excuse the Department's noncompliance with Apollo's subpoena. These serial filings prolong briefing and prevent this Court from ruling on Apollo's motion. Accordingly, this Court should not consider the Department's third and latest brief and should strike it from the record.

Even if this Court accepts the Department's latest brief, this Court should reject its arguments because: (1) it raises new arguments for the first time, in violation of this Court's rules and ability to orderly and fairly adjudicate this matter, (2) it contains factual misrepresentations, while conceding that prior briefs by the Department contained untrue facts, and (3) the new arguments have no basis in the record and are not supported by the applicable law.

## I.    PRIOR BRIEFING

Apollo filed its motion to compel on December 18, 2006, seeking to enforce a subpoena issued to the Department pursuant to Rule 45 of the Federal Rules of Civil Procedure. In its motion, Apollo argued that the documents it seeks are not protected from discovery by any applicable privilege and that the Department has waived it claims of privilege by failing to produce a log in accordance with Rule 45.

The Department, after receiving an extension of time, filed its Opposition on January 19, 2007. At that time, the Department argued that the documents sought by Apollo are protected from discovery by the attorney-client privilege, work product doctrine, and deliberative process privilege. The Department also claimed that it had produced a privilege log to Apollo.

Apollo filed its reply on January 26, 2007, pointing out that the Department had not met its burden to establish that any privilege excused its compliance with a valid Rule 45 subpoena and any privileges were waived by the actual failure to produce a log.

Briefing on the motion was completed — until the Department filed a motion to supplement on February 6, 2007. In its February 6 brief, the Department argued *for the first time* that its *Touhy* regulations excuse its compliance with a Rule 45 subpoena. The Department also claimed *for the first time* that this Court lacks jurisdiction to hear a motion to compel compliance with a Rule 45 subpoena issued to a federal agency. In addition, the Department also continued to claim that it had produced a privilege log or *Vaughn* index.

In response to the Department's new arguments, Apollo filed a sur-reply on February 13, 2007. Apollo demonstrated in its sur-reply that the Department's *Touhy* position is contradicted by the law of the D.C. Circuit and that the authorities cited by the Department are either factually inapplicable or have been overruled. Apollo also addressed two factual misrepresentations made by the Department, confirming that (1) Apollo has complied with the Department's *Touhy*

2

procedure, and (2) the Department has at no time produced a privilege log.

The Department filed its third brief on February 23, 2007, arguing *for the first time* that it is exempt from a motion to compel because of its "unique" *Touhy* regulations and that it is not required to produce a privilege log.

## II.    ARGUMENT

**A.    The Department May Not File A Second Supplemental Brief**

Although a party may not generally raise new arguments for the first time in a reply or supplemental brief, it is absolutely unprecedented that a party may be granted leave to file *two* supplemental briefs that each attempt to raise new arguments. *See Pub. Citizen Health Research Grp. v. Nat'l Insts. of Health*, 209 F. Supp. 2d 37, 43-44 (D.D.C. 2002) (finding that courts "highly disfavor[] parties creating new arguments at the reply stage that were not fully briefed during the litigation"). To allow these serial supplemental briefs would prevent the orderly presentation of issues to this Court, thwarting Apollo's ability to respond to the Department's arguments and denying this Court the ability to properly and timely adjudicate the motion. *See Dorocon, Inc. v. Burke*, No. 02-2556 (CKK), 2005 U.S. Dist. LEXIS 36201 at *46 n.2 (D.D.C. Dec. 16, 2005) (rejecting as "improper" new argument raised in reply brief); *see also Coalition for Non Commercial Media v. FCC*, 249 F.3d 1005, 1010 (D.C. Cir. 2001) (holding that a reply brief, "as we have said many times, is too late for a new argument" to be raised).

It is simply improper for a party to wait until briefing has concluded to reevaluate its position and submit a new brief arguing a different basis to defend its prior actions. It is doubly improper for the Department to do this twice. Such tactics delay the Court's adjudication of the case and result in significant and unnecessary costs upon the Court and Apollo. This Court should not tolerate the Department's conduct in this regard and should strike the Department's brief and order that briefing is closed.

3

**B.      The Department's New Position Is Not Supported By Law Or Facts**

Even if this Court were to accept the Department's second supplemental brief, it should reject the arguments it contains because they are predicated on a factual misrepresentation and contradicted by the applicable law.

The Department misrepresents that Apollo has not complied with the *Touhy* procedure set forth in 34 C.F.R. § 8.3, even though Apollo has documented within the record that it served a valid Rule 45 subpoena in compliance with the Department's *Touhy* regulations.[1] Realizing its prior error on the facts, the Department now argues that, as a federal agency, it has discretion granted to itself by its own regulations to refuse to comply with a valid Rule 45 subpoena even if the subpoena complies with its *Touhy* procedure. This is an argument that a federal agency cannot be the target of a Rule 45 subpoena, a proposition that was directly rejected by the D.C. Circuit. *Yousuf v. Samantar*, 451 F.3d 248, 257 (D.C. Cir. 2006) ("we hold the Government is a 'person' subject to subpoena under Rule 45"). The Department ignored *Yousuf* in its February 6 Brief and now in its February 26 Brief it finally addresses *Yousuf* but ignores the fact that Apollo went "through the *Touhy* process." Feb. 26 Brief at 3.

The Department further argues that this Court lacks jurisdiction over Apollo's motion to compel, but notably makes no attempt to defend its citation to inapplicable authorities in its February 6 brief. *See* Apollo Feb. 13 Brief at 3-6. Here too, the Department ignores contrary D.C. Circuit authority. *See Yousuf*, 451 F.3d at 257 (remanding "motion to compel" back to the District Court); *see also United States ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, No. 99-3298 (RCL), 2007 U.S. Dist. LEXIS 8279, at * 4-7 (D.D.C. Feb. 7, 2007) (granting

---

[1]  The Department's argument that Apollo failed to comply with *Touhy* (Dept. Feb. 26 Brief at 2) ignores the fact that Apollo served the Department with an amended subpoena that complies with the *Touhy* regulations (Apollo Feb. 13 Brief at 3).

motion to compel federal agency's compliance with Rule 45 subpoena).

The Department attempts to distinguish *Pogue* by claiming that the Department's specific *Touhy* regulations relieve this Court of jurisdiction, as opposed to any overriding legal principle. Feb. 23 Brief at 4. This novel argument, however, would negate the impact of *Yousuf* by allowing any federal agency to exempt itself from a Rule 45 subpoena by simply adopting regulations that grant it discretion to refuse to comply when a subpoena is not in its "interest." Under the Department's theory, a party may only seek documents from a federal agency by submitting a FOIA request, which includes a Rule 45 subpoena that the Department may treat as a FOIA request, and then file an APA or FOIA action when the agency refuses to comply under FOIA. Feb. 23 Brief at 4-6. This Court should reject the Department's naked attempt to render *Yousuf* meaningless and exempt itself from Rule 45.

C.  **Department's Failure To Produce A Log Waives Its Privilege Claims**

In its latest brief, the Department now argues that "[n]o privilege log is required in this instance." Feb. 26 Brief at 7. This is the ***first time*** the Department has raised this argument and is a marked departure from the Department's repeated assurances that it had already produced a privilege log to Apollo. *See* Jan. 19 Brief at 3; Feb. 6 Brief at 10. And this position is contradicted by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 45(d)(2); *see also Avery Dennison Corp. v. Four Pillars*, 190 F.R.D. 1, 1 (D.D.C. 1999) (privilege log is "universally accepted means of asserting privilege in federal courts"). Although the Department does not concede outright to its prior misrepresentations, notably it no longer asserts that a privilege log or *Vaughn* index has been produced. Even if privileges were applicable, which they are not, the Department has waived those privileges by repeatedly failing to produce a privilege log, despite numerous opportunities to correct its failure. *See In re Grand Jury Subpoena*, 274 F.3d 563, 576 (1st Cir. 2001).

### III.   CONCLUSION

For the foregoing reasons, this Court should strike the Department's February 26 Brief and reject any further attempts to change its legal position or distort the factual record.  This Court should order that briefing on this motion is closed and reject the untimely and incorrect arguments submitted by the Department in its two supplemental briefs.

Respectfully Submitted,

Dated:  March 1, 2007

/s/ Melanie L. Katsur
Melanie L. Katsur (D.C. Bar No. 484969)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539


Wayne W. Smith
Joseph P. Busch, III
Daniel P. Muino
Kristopher P. Diulio
GIBSON, DUNN & CRUTCHER LLP
4 Park Plaza, Suite 1400
Irvine, CA 92614
Telephone:  (949) 451-3800
Facsimile:  (949) 451-4220

Attorneys for Defendant Apollo Group, Inc.

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that I have caused to be served a true and correct copy of the Defendant Apollo Group Inc.'s Motion to Strike by regular U.S. mail this 1st day of March, 2007, upon the following:

| | |
|---|---|
| Stephen R. Basser<br>Samuel M. Ward<br>Barrack, Rodos & Bacine<br>402 W. Broadway, Ste. 850<br>San Diego, CA 92101<br>sbasser @barrack.com<br>sward@barrack.com | Heather D. Graham-Oliver<br>United States Department of Justice<br>Judiciary Center Building<br>555 4th Street, N.W.<br>Washington, DC 20530<br>heather.graham-oliver@usdoj.gov |
| Andrew S. Friedman<br>Bonnett, Fairbourn, Friedman & Balint<br>2901 North Central Ave., Suite 1000<br>Phoenix, AZ 85012<br>afriedman@bffb.com | General Counsel<br>United States Department of Education<br>Office of the General Counsel<br>400 Maryland Avenue, S.W., Room 4083, FOB-6<br>Washington, DC 20202-2100 |

 

/s/Dena Kennedy
Dena Kennedy