UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APOLLO GROUP, INC. SECURITIES LITIGATION | Misc. Action No. 06-558 (CKK) (D. Ariz., Case No. CV-04-2147-PHX-JAT) |

**MEMORANDUM OPINION**
(March 12, 2007)

Currently pending in the above-captioned miscellaneous action is Apollo Group, Inc.'s

("Apollo") motion to compel Respondent, the Department of Education (the "DOE"), to produce

documents responsive to a subpoena *duces tecum* pursuant to Federal Rule of Civil Procedure 45,

dated July 3, 2006 (the "Amended Subpoena"), and issued from the United States District Court

for the District of Columbia in connection with the underlying securities litigation pending in the

District of Arizona.  The DOE opposes Apollo's Motion to Compel and has filed its own Cross-

Motion to Quash the Amended Subpoena.  In addition, Apollo has filed a Motion to Strike

evidence submitted by the DOE in opposition to Apollo's Motion to Compel, as well as a Motion

to Strike a responsive pleading filed by the DOE, both of which the Court shall deny.  With

respect to Apollo's Motion to Compel and the DOE's Cross-Motion to Quash, based on a

searching review of the filings before the Court and the relevant case law and regulations, the

Court concludes that Apollo may pursue the production of documents responsive to the

Amended Subpoena via a Motion to Compel pursuant to Federal Rule of Civil Procedure

45(c)(2)(B).  Although the DOE asserts that the documents sought in the Amended Subpoena are

privileged under the deliberative process, attorney-client, and attorney work-product privileges,

1

the Court is unable to assess the DOE's claims of privilege because the DOE has failed to produce a privilege log as required by Federal Rule of Civil Procedure 45(d)(2). As such, the Court shall order the DOE to produce a privilege log so that the Court can assess the DOE's claims of privilege.

## I. BACKGROUND

Apollo is a defendant in a securities class action pending in the District of Arizona, which arose out of an August 2003 Program Review conducted by the DOE addressing Apollo's compliance with federal regulations, contained within Title IV of the Higher Education Act of 1965, which prohibit the payment of incentive compensation to enrollment counselors. Apollo Mot. to Compel at 2; 12/25/06 Decl. of Kristopher P. Diulio, Ex. B (Complaint, *In re Apollo Group, Inc. Securities Litigation*). Apollo is the largest for-profit provider of higher education in the United States, and operates through several subsidiaries, including the University of Phoenix ("UOP"). Apollo Mot. to Compel at 2. In early 2003, two former UOP employees brought a *qui tam* action alleging that UOP violated the Higher Education Act. Apollo Mot. to Compel at 1a.[1] Although the Department of Justice declined to intervene in the *qui tam* action on May 7, 2003, in August 2003, the DOE began an on-site program review of UOP to determine whether UOP was in compliance with federal regulations and, if not, the extent of the violations. *Id.*; DOE Mot. to Quash at 4.

During the August 2003 Program Review, the DOE issued a Program Review Report (the

---

[1] The first page of Apollo's Memorandum of Points and Authorities in support of its Motion to Compel does not contain a page number; however, as the second page of the Memorandum is numbered "1," the Court shall refer to the first page of the Memorandum as page "1a" in order to avoid confusion.

"Report"), which identified a violation of the Higher Education Act. Apollo Mot. to Compel at 1a; DOE Mot. to Quash at 5. Apollo responded to the Report orally and in writing, and in September 2004, Apollo paid $9.8 million to settle the Program Review issues with the DOE. Apollo Mot. to Compel at 1a; DOE Mot. to Quash at 6. Subsequently, the plaintiff in the underlying securities litigation sued Apollo for allegedly failing to timely disclose the contents of the Report. Apollo Mot. to Compel at 1a. Apollo, however, "believes that the Report was legally and factually faulty and was not subject to disclosure," *id.*, and in an attempt to "demonstrate the many flaws in the DOE's Report, Apollo has sought to obtain the DOE's underlying work papers from the Program Review" in order to defend against the underlying securities litigation, *id.* at 1.

Apollo began its efforts to obtain the work papers in October 2004, by serving the DOE with a FOIA request seeking the work papers, broken down into seven different categories. *Id.* at 4; Diulio Decl. Ex. C (10/25/04 Letter from D. Cox to J. Trumble). The DOE responded to Apollo's FOIA request with four interim response letters and a final response dated May 3, 2005. Apollo Mot. to Compel at 5; Diulio Decl. Exs. D-H (Letters dated 12/29/04, 2/18/05, 2/28/05, 4/8/05, and 5/3/05). The DOE produced a total of 5,353 pages, but withheld 2,022 pages based on certain FOIA exemptions. Apollo Mot. to Compel at 5; Diulio Decl. Ex. H (5/3/05 Letter from J. Van Vlandren to D. Cox) at 3. Apollo appealed the DOE's FOIA response on June 15, 2005. Apollo Mot. to Compel at 5; Diulio Decl. Ex. I (6/15/05 Letter from D. Cox). On October 31, 2005, the DOE issued its final determination on Apollo's appeal, denying the appeal with respect to the pages withheld from the original search, producing an additional 185 pages discovered pursuant to a supplemental search, and withholding an additional 2,061 pages located

3

during that supplemental search based on various FOIA exemptions. Apollo Mot. to Compel at 5; Diulio Decl. Ex. J (10/31/05 Letter from M. Clark to D. Cox). The DOE did not provide a log of the withheld documents, but generally described the fourteen (14) categories of documents withheld pursuant to FOIA Exemptions 5 and 7(C). *Id.*

In response, on June 5, 2006, Apollo served the DOE with a subpoena *duces tecum*, issued from the United States District Court for the District of Columbia, seeking production of the documents withheld from the DOE's FOIA production. Apollo Mot. to Compel at 7; Diulio Decl. Ex K (6/5/06 Subpoena). The DOE determined that Apollo's initial subpoena failed to comply with the DOE's *Touhy* regulations, which are located at 34 C.F.R. § 8, and so informed Apollo in a letter dated June 29, 2006. DOE Reply and Mot. to Supp. Cross-Mot. to Quash (hereinafter "DOE Mot. to Supp.") at 5; Ex. 7 (6/29/06 Letter from H. Graham-Oliver to J. Toffer). Apollo then served the DOE with a second subpoena *duces tecum*, dated July 3, 2006 (the "Amended Subpoena"), which Apollo asserts conformed to the DOE's *Touhy* regulations and which sought the same information as the initial subpoena, including (1) unredacted versions of any redacted documents the DOE produced pursuant to the FOIA request; (2) the 4,083 pages of documents that the DOE withheld from its FOIA production; and (3) various documents pertaining to the Program Review, the Report, or the *qui tam* action, to the extent they are not covered by categories (1) and (2). Apollo Mot. to Compel at 7; DOE Mot. to Supp. at 6.

The DOE responded to the Amended Subpoena in a letter dated July 13, 2006, asserting that the Amended Subpoena still failed to comply with the DOE's *Touhy* regulations because those regulations specify that

the Secretary may allow the production of [DOE] records only if she determines

4

that the demand satisfies the requirements of 34 C.F.R. § 8.3 and that disclosure
. . . Would not be contrary to an interest of the United States, which includes
furthering a public interest of the Department and protecting human and financial
resources of the United States.

DOE Mot. to Supp. Ex. 8 (7/13/06 Letter from J. Dailey to K. Diulio) at 3 (citing 34 C.F.R. §

8.5(c)).  The DOE further explained that a

review of [Apollo's] demand under the standards in 34 C.F.R. § 8.5 makes clear
that authorizing production of the documents sought would be contrary to the
interests of the United States [because Apollo] has previously sought access to all
of the records responsive to your subpoena under the FOIA, and the Department
has produced to you all responsive records that are not exempt from public
disclosure under that statute.

Id.

On December 19, 2006, Apollo filed the instant Motion to Compel pursuant to Federal

Rule of Civil Procedure 45(c)(2)(B).  On January 19, 2007, the DOE opposed Apollo's Motion to

Compel and filed its own Cross-Motion to Quash the Amended Subpoena, pursuant to Federal

Rules of Civil Procedure 26(b)(1) and 45(c)(3).  Apollo filed a Reply in further support of its

Motion to Compel on January 26, 2007.  On February 6, 2007, the DOE filed a Reply and

Motion to Supplement its Cross-Motion to Quash, to which Apollo responded with a Motion for

Leave to File a Sur-Reply in Opposition to the DOE's Motion to Supplement.  The DOE

responded to Apollo's Motion for Leave to File a Sur-Reply with a Reply dated February 26,

2007.  Thereafter, on March 1, 2007, Apollo responded with a Motion to Strike what it viewed as

the DOE's attempt to file a third brief in opposition to Apollo's Motion to Compel.  In addition

to the filings directly related to the cross Motions to Compel and to Quash, on January 26, 2007,

Apollo filed a Motion to Strike evidence submitted by the DOE in opposition to Apollo's Motion

to Compel.  The DOE opposed that Motion to Strike on February 9, 2007.

5

## II. DISCUSSION

   *A.    Motion to Strike Evidence Submitted in Opposition to Apollo's Motion to Compel*

Apollo has moved to strike the Declaration of Jennifer L. Woodward and portions of the

Declaration of Kent D. Talbert, both of which were submitted by the DOE in support of its

Opposition to Apollo's Motion to Compel and its own Cross-Motion to Quash.  Apollo Obj. to

Evidence at 1-2.  Apollo argues that the Woodward Declaration should be stricken because

Apollo was blocked in a deposition in the underlying securities action from questioning Ms.

Woodward's superior about statements made by Ms. Woodward in a "nearly identical declaration

filed in the United States District Court for the Northern District of California."  *Id.* at 1.  Apollo

also seeks to strike portions of the Talbert Declaration on the grounds that they rely solely on the

Woodward Declaration and that they contain impermissible legal arguments.  *Id.*  The DOE

opposes Apollo's Motion to Strike, arguing that it is misdirected and contrary to the current

status of the law.  *See generally* DOE Opp'n to Apollo Mot. to Strike.  Apollo does not appear to

have filed a Reply brief in further support of its motion to strike in the month since the DOE

opposed Apollo's motion to strike.

The Court need not tarry long in determining that Apollo's motion to strike should be

denied.  Apollo does not identify the legal posture in which it moves to strike the Woodward and

Talbert Declarations.  Nevertheless, the Court notes that although Federal Rule of Civil

Procedure 12(f) allows the Court to strike from a "pleading" any insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter in order to avoid the time, effort, and

expense necessary to litigate spurious issues, Rule 7(a) clarifies that a "pleading" encompasses a

complaint, answer, reply to a counterclaim, answer to a cross-claim, third-party complaint, or

6

third-party answer. *See* Fed. R. Civ. P. 12(f); Fed. R. Civ. P. 7(a). As such, by its plain language, Federal Rule of Civil Procedure 12(f) cannot be used to strike an affidavit or declaration. *See Aftergood v. CIA*, 355 F. Supp. 2d 557, 564-65 (D.D.C. 2005) (Rule 12 cannot be used to strike a declaration); *Transam. Leasing, Inc. v. La Republica de Venezuela*, 21 F. Supp. 2d 47, 55-56 (D.D.C. 1998) (declarations "are not pleadings subject to a motion to strike pursuant to Rule 12(f)"), *dismissed in part on other grounds* 200 F.3d 843 (D.C. Cir. 2000); *see also Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 868 (1st Cir. 1997) (noting that Rule 12(f) has "no applicability" to affidavits). Moreover, Apollo has not even suggested that either the Woodward or Talbert Declaration contains any redundant, immaterial, impertinent, or scandalous matter. As such, the Court shall deny Apollo's Motion to Strike the Woodward Declaration and portions of the Talbert Declaration.

      B.      *Pleadings Filed in Connection with the Cross Motions to Compel and to Quash*

Before turning to the substance of Apollo's Motion to Compel and the DOE's Cross-Motion to Quash, the Court pauses briefly to address the various pleadings filed with the Court in connection with these Cross-Motions. As described above, the Cross-Motions filed in this miscellaneous action have engendered a flurry of briefing by both Apollo and the DOE, including (1) Apollo's Motion to Compel, filed December 19, 2006; (2) the DOE's Opposition to Apollo's Motion to Compel and Cross-Motion to Quash, filed January 19, 2007; (3) Apollo's Reply in further support of its Motion to Compel, filed January 26, 2007; (4) the DOE's Reply and Motion to Supplement its Cross-Motion to Quash, filed February 6, 2007; (5) Apollo's Motion for Leave to File a Sur-Reply in Opposition to the DOE's Motion to Supplement, filed February 13, 2007; (6) the DOE's Reply to Apollo's Opposition to the DOE's Motion to Supplement, filed February

26, 2007; and (7) Apollo's March 1, 2007 Motion to Strike what it views as the DOE's attempt

to file a third brief in opposition to Apollo's Motion to Compel.

Although Apollo admits that it consented to the DOE's request to file a Reply on its

Cross-Motion to Quash, Apollo contends that that Reply improperly raises for the first time an

argument that was not included in the DOE's initial Opposition and Cross-Motion to Quash. *See

generally* Apollo Mot. for Leave to File Sur-Reply.  As such, Apollo moves for leave to file a

Sur-Reply in response to the arguments made in the DOE's Reply, which the Court shall grant.

"A surreply may be filed only by leave of Court, and only to address new matters raised in a reply

to which a party would otherwise be unable to respond."  *United States ex rel. Pogue v. Diabetes

Treatment Ctrs. of Am., Inc.*, 238 F. Supp. 2d 270, 276-77 (D.D.C. 2002).  Here, Apollo has

properly moved for leave to file its Sur-Reply, and correctly notes that the DOE's Reply on its

Cross-Motion to Quash raises for the first time an argument that the DOE properly considered

Apollo's Amended Subpoena as a FOIA request because the Amended Subpoena allegedly failed

to comply with the DOE's *Touhy* regulations.  Apollo Mot. for Leave to File at 1-2.  The Court

shall therefore consider Apollo's Sur-Reply in Opposition to DOE's Motion to Supplement in

addressing the Cross-Motions to Compel and to Quash.[2]

Apollo also objects to the DOE's filing of a Reply to Apollo's Opposition to DOE's

Motion to Supplement (hereinafter the DOE's "Motion to Supplement Reply Brief"), arguing

---

[2] Apollo is correct that the Court "highly disfavors parties creating new arguments at the reply stage that were not fully briefed during the litigation."  *Pub. Citizen Health Research Grp. v. Nat'l Insts. of Health*, 209 F. Supp. 2d 37, 43-44 (D.D.C. 2002) (CKK).  However, any prejudice to Apollo from the DOE's late assertion of its *Touhy* argument is limited because the Court will consider Apollo's Sur-Reply in addressing the Cross-Motions to Compel and to Quash.

that the DOE again seeks to improperly raise new arguments for the first time in a reply or

supplemental brief.  *See* Apollo Mot. to Strike Resp.'s 2nd Attempt to Supp. its Opp'n. at 3. The

Court certainly does not condone the DOE's repeatedly raising new arguments at the reply stage.

However, from a technical point of view, to the extent that the DOE filed a Motion to

Supplement its Cross-Motion to Quash, which Apollo opposed in its Sur-Reply, the DOE is

entitled to file a reply brief in further support of its Motion to Supplement.  Moreover, as Apollo

has had an opportunity to respond to the arguments allegedly raised for the first time in the

DOE's Motion to Supplement Reply Brief, the Court does not perceive any prejudice to Apollo

that would arise from the Court considering the DOE's Motion to Supplement Reply Brief.  The

Court shall therefore deny Apollo's Motion to Strike the DOE's Motion to Supplement Reply

Brief, but shall instead consider both the DOE's Motion to Supplement Reply Brief and the

arguments contained in Apollo's Motion to Strike that Brief.

  C.  *The Cross Motions to Compel and to Quash*

   In response to Apollo's Motion to Compel, the DOE initially asserted that (1) the

information sought by Apollo in the Amended Subpoena *duces tecum* is privileged under the

deliberative process, attorney-client, and attorney work-product privileges; and (2) the

information sought is not relevant to any claim or defense in the underlying securities action.

Thereafter, as discussed above, in its Motion to Supplement, the DOE argued for the first time

that Apollo's Amended Subpoena constituted an attempt to bypass FOIA and the DOE's *Touhy*

regulations.  DOE Mot. to Supp. at 7-8. The DOE asserts that it properly treated the Amended

Subpoena as a FOIA request after determining that it failed to meet the DOE's *Touhy* regulation,

and argues that its decision not to produce the requested records in response to Apollo's

Amended Subpoena can only be reviewed under the Administrative Procedure Act. *Id.* at 8-9.

For its part, Apollo opposes both of these arguments – arguing that the documents it seeks are not

privileged and are highly relevant to the underlying securities litigation, Apollo Mot. to Compel

Reply,[3] and further that the DOE's *Touhy* argument would allow an end-run around the D.C.

Circuit's recent opinion in *Yousuf v. Samantar*, 451 F.3d 248 (D.C. Cir. 2006) that the federal

government is a "person" subject to subpoena under Federal Rule of Civil Procedure 45, Apollo

Mot. to Supp. at 4-6.

Apollo is correct – and indeed the DOE does not contest – that in *Yousuf*, the D.C. Circuit

held that "the Government is a 'person' subject to subpoena under Rule 45 regardless whether it

is a party to the underlying litigation." 451 F.3d at 257; DOE Mot. to Supp. at 7. Nevertheless,

as *Yousuf* in fact recognizes, a federal agency may create procedures, or *Touhy* regulations –

named after the Supreme Court's decision in *Touhy v. Ragan*, 340 U.S. 462, 71 S. Ct. 416, 95 L.

Ed. 417 (1951) – pursuant to 5 U.S.C. § 301 for responding to subpoenas and requests for

testimony. *See* 5 U.S.C. §301 (authorizing an agency head to "prescribe regulations for the

government of his department, the conduct of its employees, the distribution and performance of

its business, and the custody, use, and preservation of its records, papers, and property."). Here,

the DOE asserts that its *Touhy* regulations include both the regulations in 34 C.F.R. § 8.3

regarding the form that a demand for records must take and on whom such a demand must be

---

[3] In addition to disputing the DOE's claims of deliberative process, attorney-client, and attorney work-product privileges, Apollo also seeks to compel the production of information that was redacted by the DOE in its FOIA response. *See* Apollo Mot. to Compel at 20-21. In reviewing this demand, the Court will not compel the production of the names and addresses of Program review witnesses withheld pursuant to the informant's identity privilege, nor does Apollo seek their production. *Id.* at 20.

served, and the regulations in 34 C.F.R. § 8.5 that provide that the Secretary of the DOE may make records available upon determining that the demand meets the requirements of § 8.3 and that "disclosure (1) Would be appropriate under the rules of procedure governing the matter in which the demand arises . . . ; and (2) Would not be contrary to an interest of the United States, which includes furthering a public interest of the Department and protecting the human and financial resources of the United States."  34 C.F.R. §§ 8.3, 8.5; DOE Mot. to Supp. at 5.

The DOE determined that Apollo's initial subpoena *duces tecum* was not served pursuant to the requirements of 34 C.F.R. § 8.3, and so informed Apollo by letter dated June 29, 2006. DOE Mot. to Supp. Ex. 7 (6/29/06 Letter from H. Graham-Oliver to J. Toffer).  The DOE does not assert that Apollo's Amended Subpoena failed to comply with the demands of 34 C.F.R. § 8.3, but rather the DOE declined to produce records in response to the Amended Subpoena, stating that "[a] review of [Apollo's] demand under the standards in 34 C.F.R. § 8.5 makes clear that authorizing the production of the documents sought would be contrary to the interests of the United States."  DOE Mot. to Supp. Ex. 8 (7/13/06 Letter from J. Dailey to K. Diulio).  The DOE now asserts that review of the Department's decision not to produce the requested records is under the APA, and that such review cannot obtain in the present action because Apollo has not filed an APA complaint; however, this assertion is legally flawed.

According to the law of this Circuit, when an agency resists a subpoena *ad testificandum* served on one of its employees pursuant to the agency's *Touhy* regulations, "the litigant must proceed under the APA, and the federal court will review the agency's decision not to permit its employee to testify under an 'arbitrary and capricious' standard."  *Houston Bus. Journal, Inc. v. Office of Comptroller*, 86 F.3d 1208, 1212 n. 4 (D.C. Cir. 1996).  However, Apollo has not

11

served the DOE with a subpoena *ad testificandum*, but rather with a subpoena *duces tecum*, seeking the production of documents. Thus, as the D.C. Circuit has explained, Apollo, a "federal-court litigant . . . can seek to obtain the production of documents from a federal agency by means of a federal subpoena. In federal court, the federal government has waived its sovereign immunity, *see* 5 U.S.C. § 702, and neither the Federal Housekeeping Statute nor the *Touhy* decision authorizes a federal agency to withhold documents from a federal court." *Id.* at 1212 (citing *Exxon Shipping Co. v. United States Dep't of Interior*, 34 F.3d 774, 777-78 (9th Cir. 1994)).

The D.C. Circuit's *dicta* in *Houston Business Journal* is certainly reinforced by the *Yousuf* decision, for if the DOE is a "person" subject to subpoena under Federal Rule of Civil Procedure 45, the DOE is a "person" for all purposes under Rule 45, and therefore may be subject to motion to compel and an ensuing order by the Court compelling the production of documents under Rule 45(c)(2)(B). *See* Fed. R. Civ. P. 45(c)(2)(B) ("[i]f objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time to compel the production."). It is certainly the case that, as a party unsatisfied by an agency's FOIA response, Apollo could challenge that response in a district court FOIA action. *See* 5 U.S.C. § 522(B). Alternatively, because "an agency's refusal to comply with a subpoena constitutes 'final agency action ripe for review under the APA,'" *Yousuf*, 451 F.3d at 251 (citing *COMSTAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 275 (4th Cir. 1999) (internal punctuation omitted)), Apollo could bring an APA action challenging DOE's refusal to produce documents. However, Apollo has selected neither of these avenues, and nothing in this Circuit's case law forecloses Apollo from pursuing its chosen avenue, a subpoena *duces tecum* pursuant to

12

Federal Rule of Civil Procedure 45.[4]

Apollo has thus properly brought its Motion to Compel and, despite the DOE's argument to the contrary, the proper standard of review in considering the Cross-Motions to Compel and to Quash is the "relevancy" standard articulated in Rules 26 and 45 of the Federal Rules of Civil Procedure, rather than the "arbitrary and capricious" standard of the APA. *See In re Providian Fin. Corp. Secs. Litig.*, 222 F.R.D. 22, 25 (D.D.C. 2004). DOE asserts that the documents Apollo seeks in the Amended Subpoena are not relevant to the underlying securities action because "[t]he focus in the securities action is not on proving or disproving the legitimacy of the report but rather on when the disclosure was believed to have occurred and what the Department said to representatives of Apollo." DOE Mot. to Quash at 14. According to the DOE, "the focus should be on the disclosure and whether Apollo's timing of disclosure was in good faith" and "[n]one of the requests of [Apollo] shed any light on this essential issue." *Id.* However, the

---

[4] The cases cited by the DOE in support of its argument that it properly treated the Amended Subpoena as a FOIA request pursuant to its *Touhy* regulations and that the Court may only review that decision under the APA's "arbitrary and capricious" standard are distinguishable in key respects and thus do not alter the Court's conclusion. First, as Apollo points out, *Santini v. Herman*, 456 F. Supp. 2d 69 (D.D.C. 2006), involved a state court subpoena that failed to comply with the federal agency's *Touhy* regulations, and which the court therefore lacked jurisdiction to enforce. *Id.* at 71; *see also Houston Business Journal*, 86 F.3d at 1212. *Santini* is thus factually distinct from the instant case, in which a federal court litigant seeks the production of documents from a federal agency through a subpoena *duces tecum* issued pursuant to Federal Rule of Civil Procedure 45. *See Houston Business Journal*, 86 F.3d at 1212. The DOE's reliance on *Aloha Care, Inc. v. State of Hawaii Department of Human Services*, Misc. Action No. 04-498, 2005 U.S. Dist. LEXIS 41202 (D.D.C. June 28, 2005), is also misplaced because that case was decided prior to *Yousuf*, and thus rests on the assumption that an agency of the federal government is not a "person" subject to subpoena under Rule 45. Likewise, *Puerto Rico v. United States*, Misc. No. 06-049, U.S. Dist. LEXIS 70236 (D.P.R. Sept. 26, 2006), is inapposite because it is decided by the United States District Court for the District of Puerto Rico, which is not bound by the D.C. Circuit's rulings in *Houston Business Journal* and *Yousuf*.

scope of discovery permitted under the Federal Rules of Civil Procedure is broad, and "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Apollo "contends as part of its defense that it did not have a duty to disclose to the public and its investors a preliminary government report that contained obviously false, mistaken, internally inconsistent, and misleading information and was issued improperly by someone lacking authority to issue the Report." Apollo Mot. to Compel Reply at 17. The Court agrees with Apollo that, "the manner in which the [DOE] conducted the Program Review and the sources of information relied upon by the [DOE] in drafting the Report" are relevant to Apollo's defense in the underlying securities action. *Id.*

The DOE further argues that it should not be compelled to produce documents in response to Apollo's Amended Subpoena because such documents are covered by the deliberative process, attorney-client, and attorney work-product privileges. *See* DOE Mot. to Quash at 6-13. In support of this argument, DOE includes a list that broadly describes the types of documents withheld in response to Apollo's FOIA request on the basis of the deliberative process, attorney-client, and attorney work-product privileges. *See id.* at 9-10. This list includes descriptions such as "Communications and notes among members of the investigatory team . . . concerning investigation strategy," and is therefore far too general to allow either Apollo or the Court to determine whether the documents withheld are, in fact, covered by the various privileges asserted by the DOE. In responding to a subpoena *duces tecum* pursuant to Federal Rule of Civil Procedure 45, when a party that seeks to withhold information on a claim of privilege, "the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to

14

contest the claim." Fed. R. Civ. P. 45(d)(2). The DOE's cursory list does not meet this burden.[5]

In its Motion to Supplement Reply Brief, the DOE asserts that no privilege log is required in this instance because the properly DOE processed Apollo's Amended Subpoena as a FOIA request, and further argues that requiring the DOE to produce a privilege log would be contrary to the DOE's *Touhy* regulations and would result in an unnecessary allocation of the DOE's resources. DOE Mot. to Supp. Reply at 7. However, as discussed above, the DOE is a "person" for all purposes of Federal Rule of Civil Procedure 45 and, as such, is subject to the duties that devolve upon a person served with a subpoena under that Rule, including a duty to substantiate claims of privilege pursuant to Rule 45(d)(2).[6]

As a result, the Court concludes that Apollo has properly filed a Motion to Compel the DOE to produce documents in response to the Amended Subpoena, and that the documents sought in the Amended Subpoena are relevant to the underlying securities litigation under the "relevancy" standard of Federal Rule of Civil Procedure 26(b)(1). To the extent the DOE maintains that it is not required to produce the documents sought in the Amended Subpoena on

---

[5] In its Motion to Compel, Apollo challenges DOE's assertion of the deliberative process, attorney-client, and attorney work-product privileges, based solely on the DOE's cursory list of the types of documents withheld on claims of privilege. *See* Apollo Mot. to Compel at 13-20. In light of the fact that the Court is ordering the DOE to produce a privilege log substantiating its claims of privilege, the Court declines to speculate as to the possible application of the various privileges to the documents at issue, but rather shall defer such assessment until the DOE produces a privilege log that allows the Court to properly evaluate the DOE's claims of privilege.

[6] The Court notes that, as the D.C. Circuit has explained, "[i]f information in government documents is exempt from disclosure to the general public under FOIA, it does not automatically follow the information is privileged within the meaning of rule 26(b)(1) and thus not discoverable in civil litigation." *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1344 (D.C. Cir. 1984) (citation omitted). As a result, the DOE may not simply stand on its response to Apollo's FOIA request, and must instead substantiate its claims that the documents are properly withheld in the civil litigation context on the basis of the various privileges asserted.

the grounds of various privileges, the DOE must comply with its obligations under Federal Rule

of Civil Procedure 45(d)(2) and produce a privilege log that allows Apollo and the Court to

assess the validity of the claimed privileges.  The Court is aware, however, that the Amended

Subpoena seeks the production of over 4,000 pages of documents.  *See* Diulio Decl. Ex. A

(7/6/06 Amended Subpoena) at 5.  The Court therefore suggests that the parties engage in

discussions as to whether it may be possible to limit the scope of the DOE's privilege log –

perhaps by sampling or by categorizing the documents in some way – in order to expedite the

DOE's production of its privilege log and the Court's ultimate consideration of the Cross-

Motions to Compel and to Quash.

### III.  CONCLUSION

For the foregoing reasons, the Court shall deny Apollo's Motion to Strike the Woodward

Declaration and portions of the Talbert Declaration; shall grant Apollo's Motion for Leave to

File a Sur-Reply; and shall deny Apollo's Motion to Strike the DOE's Motion to Supplement

Reply Brief.  With respect to the Cross-Motions to Compel and to Quash, the Court shall order

the DOE to produce a privilege log that allows Apollo and the Court to assess the DOE's claims

of privilege as to the documents sought in Apollo's Amended Subpoena.  The Court further

suggests that Apollo and the DOE engage in discussions as to whether it may be possible to

expedite the production of the DOE's privilege log by limiting its scope.  Finally, on or before

April 11, 2007, the parties shall propose to the Court a plan for the DOE's production of an

appropriate privilege log, including when the DOE will produce a privilege log and the nature and scope of the privilege log to be produced.

Date:   March 12, 2007


_____/s/_____

COLLEEN KOLLAR-KOTELLY
United States District Judge