IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APOLLO GROUP, INC. SECURITIES LITIGATION<br><br><br><br>This Document Relates To: Subpoena Action | )<br>)<br>)<br>)<br>) 06-MC-0558 (CKK)<br>) (D. Ariz., No. CV-04-2147-PHX-JAT)<br>)<br>)<br>)<br>)<br>) |

**THE PARTIES' JOINT AGREEMENT FOR THE PRODUCTION OF DOCUMENTS, PRODUCTION OF A PRIVILEGE LOG AND PARTIAL DISMISSAL OF MOTION TO COMPEL**

Now come the parties, as a result of this Court's March 12, 2007 Memorandum Opinion and Order, their written correspondence and April 4, 2007 meeting, as well as the Department of Education's ("Department") significant review of the documents at issue, and state that it has been determined, and they mutually agree, as follows:

I. As a first step, the Department and Apollo Group, Inc. ("Apollo") agree to the following categorization of the documents subject to Apollo's subpoena and motion to compel:

(1) Internal Department documents that explicitly seek or provide legal advice;

(2) Internal Department documents concerning the conduct of the program review other than documents contained in Category 1;

(3) Internal Department drafts of the Wittman Report;

(4) Internal Department documents concerning the settlement with Apollo or settlement meetings with Apollo;

(5) Department analysis of the information provided by Apollo in response to the issuance of the February 5, 2004 Program Review Report; and

  (6) All documents communicated to or received from third parties, including witness statements and communications with Apollo or the *qui tam* relators or their counsel.

II. The parties further agree that the Department shall produce a Privilege Log that shall include the following information for each listed document:

- The date of the document;
- Author(s) of the document;
- All known recipients of the document;
- The subject matter of the document;
- The asserted basis for the Department withholding the document; and
- The actual title of the document, if any.

III. The parties further agree that the Department will not include in the log documents where the Department has only redacted information identifying witnesses (e.g., names, addresses, social security and other identifying numbers, phone numbers, and/or email addresses). Apollo reserves the right, following review of the documents, to seek the Court's review of any redactions.

IV. In exchange for Apollo's agreement to withdraw its motion to compel to the extent that it seeks documents in Categories 1, 3 and 4, as set forth above, the Department agrees, as a matter of administrative discretion, to produce to Apollo the following specific documents from Categories 5 and 6[1]:

---

[1] The parties agree that, in exercising its administrative discretion to produce specific documents, the Department has not waived any applicable privilege(s) for those remaining

- Category 5 – The Department will produce all data and charts supporting the Department's final trend line analysis prepared in response to the information provided by Apollo after issuance of the February 5, 2004 Program Review Report, exclusive of information identifying witnesses and other sources, by April 13, 2007. The Department estimates that its production of these documents will comprise approximately 125 pages; and

- Category 6 – The Department will produce all notes of witness interviews, exclusive of information identifying said witnesses. The Department will commence weekly productions on April 18, 2007, and will complete its production of these documents on or before April 30, 2007. The Department estimates that its production of these documents will comprise approximately 1,500 pages.

V.   In accordance with the terms specified in paragraphs II and III above, and based on the agreement reached in paragraph IV, the Department will produce a Privilege Log that includes all documents from Categories 2, 4 and 5 that are not included in the Department's voluntary production, upon the following rolling schedule:

- Category 2 – Privilege Log for all Category 2 documents will be produced on a weekly basis, with productions commencing on April 30, 2007 and to be completed on or before May 30, 2007.

---

documents, which will not be voluntarily produced. Likewise, by entering into this agreement, Apollo does not waive and expressly reserves the right to seek any documents from the Department in future litigation.

- <u>Category 5</u> - Privilege Log for the remaining Category 5 documents will be produced by April 18, 2007; and

- <u>Category 6</u> - Privilege Log for any remaining Category 6 documents will be produced on a weekly basis, with productions commencing on April 18, 2007 and to be completed on or before April 30, 2007.

VI. On or before April 30, 2007, Counsel for the Department, shall make a written assurance to Apollo and the Court (a) that it has reviewed all of the documents that have been grouped in the aforementioned Categories 1, 3, and 4; and (b) that those documents are properly categorized.

VII. Pursuant to the above agreement and stipulation, the parties respectfully request an order of this Court approving and adopting this agreement and schedule for the Department's production of documents and a Privilege Log, and providing that either party is entitled to seek immediate and appropriate relief from this Court should the opposing party fail to comply with this agreement.

VIII. Although the parties have conferred in good faith to resolve the current motion and have agreed to reduce the scope of the dispute, it is likely that the parties will continue to dispute the propriety of the Department's withholding of documents that will be included on its Privilege Log. In the underlying securities litigation, oppositions to cross-motions for summary judgment are due on May 11, 2007. The parties agree to the following schedule for resolving any disputes regarding the Department's Privilege Log:

    A. Within five calendar days of receipt of the Department's final Privilege Log for Categories 5 and 6 (due on or before April 30, 2007), Apollo may file a

brief challenging the Department's inclusion of any documents or categories of documents on its Privilege Log.

B.      Following receipt of Apollo's challenging brief, the Department will have eleven (11) calendar days to submit an opposition brief.

C.      Following the exchange of briefs, the Apollo's challenge will be submitted to the Court without further reply briefing. The parties will likewise make themselves available to the Court for oral hearing, if deemed necessary by the Court.

D.      In the event Apollo challenges any Department assertion of privilege, production of the Privilege Log for Category 2 documents will be stayed pending the Department's submission of its opposition brief, and will resume immediately thereafter , with the date of completion being extended to June 7, 2007.

Respectfully submitted,

/s/                                                                 /s/
_____          _____
Jason J. Mendro, DC Bar No. 482040         JEFFREY A. TAYLOR, D.C. BAR # 498610
GIBSON, DUNN & CRUTCHER LLP        United States Attorney
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500                            /s/
Facsimile (202) 467-0539                         _____
                                                                  RUDOLPH CONTRERAS, D.C. BAR # 434122
                                                                  Assistant United States Attorney

| | |
|---|---|
| Wayne W. Smith | /s/ |
| Joseph P. Busch, III | |
| Kristopher P. Diulio | HEATHER D. GRAHAM-OLIVER |
| GIBSON, DUNN & CRUTCHER LLP | Assistant United States Attorney |
| 4 Park Plaza, Suite 1400 | Judiciary Center Building |
| Irvine, CA 92614 | 555 4th St., N.W. |
| Telephone: (949) 451-3800 | Washington, D.C.  20530 |
| Facsimile: (949) 451-4220 | (202) 305-1334 |

Dated: April 12, 2007