IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APOLLO GROUP, INC. SECURITIES LITIGATION<br><br><br><br><br><br>This Document Relates To: Subpoena Action | )<br>)<br>)<br>)<br>) 06-MC-0558 (CKK)<br>) (D. Ariz., No. CV-04-2147-PHX-JAT)<br>)<br>)<br>)<br>)<br>) |

## NOTICE TO THE COURT FROM THE DEPARTMENT OF EDUCATION

In accordance with the parties' Joint Agreement for the Production of Documents and Privilege Log, filed on or about April 12, 2007, attached hereto is the Department of Education's April 30, 2007 letter containing its assurance that all documents have been properly categorized, including those in category 1, 3 and 4.  See p. 2 of April 30, 2007, letter hereto.

Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
HEATHER GRAHAM-OLIVER
Assistant United States Attorney

Judiciary Center Building
555 4th Street, NW - Civil Division
Rm. 4-4808
Washington, D.C. 20530
(202) 305-1334

Attorneys for Defendant



UNITED STATES DEPARTMENT OF EDUCATION

OFFICE OF THE GENERAL COUNSEL

April 30, 2007

**<u>Via Email and Federal Express</u>**

Kristopher P. Diulio, Esq.
Gibson Dunn and Crutcher LLP
4 Park Plaza
Suite 1400
Irvine, CA 92614

      Re:   <u>In Re: Apollo Securities Litigation</u>
              United States District Court (D. D.C.)
              Case No: 06-558

Dear Mr. Diulio:

In accordance with the Joint Agreement filed April 12, 2007 by the parties in the above matter, the Department is enclosing the final privilege log that covers Category 6 documents. I am also enclosing the final discretionary release of Category 6 documents. Additionally, for your convenience, the Department has prepared and attached a PDF file containing the above-mentioned documents.

In response to the concerns raised in your April 25, 2007 letter to the Department, I have revised both the Category 6 and Category 5 privilege logs to include the number of pages in each document logged. The Department has added this information as a courtesy to verify that all documents in these categories have been logged. Category 5 documents previously logged as email communications forwarding draft documents are still logged and described as one document. However, in order to demonstrate that all documents have been reviewed, the page count for each document (email and attachment) is identified. As a result, you will find that the Department had fulfilled its obligation per the Joint Agreement.

In Category 5, the Department approximated that 1000 pages would be reviewed. The Department produced 138 pages and logged 943 pages in the privilege log. In Category 6, the Department estimated that 2000 pages would be reviewed. The Department released 876 pages and logged 760 pages in the privilege log. The discrepancy between the approximate number of pages and actual pages reviewed in Category 6 is due to the fact that 298 pages were improperly categorized as documents provided by witnesses. After careful review, I determined that Apollo provided the 298 pages of personnel records to the Department. Therefore, those documents were not "documents communicated to or received from third parties." As such, the Department

carefully and diligently reviewed all documents in accordance with the April 12, 2007 Joint Agreement.

In response to the additional concerns raised in your April 25, 2007 letter, the Department has chosen to provide a copy of interview statements made by the Apollo corporate executives identified in your letter in its original form. Additionally, the Department did not redact any identifying information of the qui tam relators and their attorneys, Julie Albertson, Mary Hendow, Nancy Krop and Daniel Bartley, other than personal email addresses, personal cell phone numbers and information referring to other confidential witnesses. Furthermore, the Department has included in this release interview statements made by Ms. Albertson and Ms. Hendow during the program review in August of 2003 with redactions referring to other confidential witnesses.

Per the April 12, 2007 Joint Agreement, I personally categorized all documents in this review. Therefore, I assure you that all documents are properly categorized, including those documents in Categories 1, 3, and 4. As such, the Department has made a good faith effort at resolving this dispute and providing the necessary information to Apollo while protecting the interests of the Department and the identity of the Department's witnesses.

Finally, in accordance with the Joint Agreement filed April 12, 1007 by the parties in the above matter, the Department is enclosing the first privilege log for the Category 2 documents. I am working on an amended privilege log for the Category 2 documents to be produced weekly with a final production on May 30, 2007.

Sincerely,

*Christine M Rose*

Christine M. Rose

Agency Counsel
Division of Business and Administrative Law

Cc: Heather D. Graham-Oliver (via email and U.S. Postal mail)
Samuel M. Ward (via email and U.S. Postal mail)