IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APOLLO GROUP, INC. SECURITIES
LITIGATION

Misc. Action No. 06-558 (CKK)
(D. Ariz., Case No. CV-04-2147-PHX-JAT)

This Document Relates To: All Actions

**DEFENDANT APOLLO GROUP, INC.'S NOTICE OF
ADDITIONAL FACTUAL AND LEGAL DEVELOPMENTS**

Defendant Apollo Group, Inc. ("Apollo"), by and through its undersigned counsel,

pursuant to this Court's order on May 19, 2008, respectfully submits the following notice of

additional factual and legal developments relevant to its pending motion to compel the United

States Department of Education ("DOE"), under Federal Rule of Civil Procedure 45(c)(2)(B), to

produce documents responsive to Apollo's amended subpoena of July 3, 2006.

As set forth below, the documents at issue remain relevant to litigation that is still

pending in federal court in Arizona. Apollo has been substantially prejudiced, both in that action

and in a related action in federal court in California, from DOE's refusal to produce the

documents. Indeed, as detailed below, recent developments have only compounded that

prejudice. The Court should grant the motion.

## I.    BACKGROUND

Apollo filed the motion to compel in connection with a securities class action currently

before the Honorable James A. Teilborg in the District Court of Arizona. *In re Apollo Group,*

*Inc. Securities Litigation*, Lead Case No. CV 04-2147-PHX-JAT (the "securities action"). The

defendants in that action are Apollo and former Apollo officers Todd S. Nelson and Kenda B.

Gonzales (collectively, "defendants"). The plaintiff class in *In re Apollo Group* alleged that Apollo violated the federal securities laws by failing to make timely disclosure of the results of a program review conducted by the DOE of Apollo's subsidiary, the University of Phoenix ("UOP"), and memorialized in a program review report ("PRR"). The DOE initiated its review of UOP after two former UOP employees filed a *qui tam* action under the False Claims Act, alleging that UOP failed to comply with federal regulations prohibiting universities from offering incentive compensation to recruiters. The PRR accused UOP of violating the incentive compensation ban, and UOP ultimately settled with the DOE for $9.8 million, without admitting wrongdoing or agreeing to change its recruitment policies.

Defendants maintain, and have consistently maintained throughout the course of the securities action, that the PRR is legally and factually flawed and therefore not subject to disclosure under the securities laws. On December 15, 2006, Apollo filed a motion in this Court to compel the DOE to produce certain documents and communications responsive to Apollo's amended subpoena of July 3, 2006, including draft versions of the PRR, correspondence between the DOE and third parties concerning the PRR, and internal notes of DOE interviews with UOP and Apollo employees.[1] Defendants sought to compel the DOE to produce the work papers and communications underlying the PRR in order to demonstrate that the PRR is inherently unreliable.[2] The DOE refused to release the documents, claiming that they were protected from discovery by the deliberative-process, attorney-client, and work product privileges. The DOE

---

[1]     Defendants' motion also sought to compel the testimony of certain DOE employees, but defendants subsequently agreed to withdraw their motion with respect to such testimony.

[2]     Indeed, the few documents already produced by the DOE reveal that its program review was conducted in a biased and flawed manner.

nevertheless failed to respond to the subpoena within fourteen days after service, thereby waiving its objections. *See, e.g.*, *Tuite v. Henry*, 98 F.3d 1411, 1416 (D.C. Cir. 1996); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996).

Following that motion and additional briefing by the parties, this Court issued an Order on March 12, 2007, requiring the DOE to produce a privilege log. D.E. 14, Order at 2. The Court also suggested that the parties engage in discussions to expedite the DOE's response by limiting the scope of the documents sought by Apollo. *Id.* at 1. Following the Court's Order, the parties engaged in negotiations to ensure DOE's timely preparation of the privilege log. These negotiations resulted in a Joint Agreement being filed with this Court on April 12, 2007. D.E. 18. In the Joint Agreement, the DOE agreed to produce documents and privilege logs for certain types of documents listed as Categories 2, 5, and 6,[3] and Apollo agreed in turn to narrow the scope of its document requests to exclude, among other things, documents specifically seeking or providing legal advice.

Based on the DOE's continued failure to comply with its discovery obligations under the Joint Agreement, defendants filed a supplemental brief on May 21, 2007, to compel the DOE to supplement its production of Category 5 and 6 documents. On July 10, 2007, defendants filed a supplemental brief to compel the DOE to produce Category 2 documents. The DOE filed briefs in opposition. These issues remain pending before the Court.

---

[3] "Category 2" documents consist of "Internal Department documents concerning the conduct of the program review other than documents [that explicitly seek or provide legal advice]." D.E. 18, Joint Agreement at 1. Similarly, "Category 5" documents consist of "[d]epartment analysis of the information provided by Apollo in response to the issuance of the February 5, 2004 Program Review Report." *Id.* Finally, "Category 6" documents consist of "[a]ll documents communicated to or received from third parties, including witness statements and communications with Apollo or the *qui tam* relators or their counsel." *Id.* at 2.

## II.    RECENT DEVELOPMENTS

On May 19, 2008, this Court requested that the parties "provide it with any additional information on factual and legal developments that the parties believe are material to the Court's consideration of the pending motion [to compel]." D.E. 30, Order. No legal or factual developments alter the basic conclusion established in Apollo's original December 19, 2006 motion and its supplemental briefing: that the DOE has failed to comply with its obligations under Federal Rule of Civil Procedure 45(c)(2)(B) to produce non-privileged documents within its control relating to its review of UOP that are directly relevant to Apollo's defense in the securities action. The authorities that support Apollo's position remain good law.

Moreover, since Apollo's motion was filed, Apollo has been further prejudiced by the DOE's failure to comply with Apollo's nearly two-year-old amended subpoena, as the securities action has proceeded to trial and has resulted in a verdict against Apollo. Prompt resolution of the pending motion is imperative to allow Apollo to defend itself in its post-trial motions for judgment as a matter of law and a new trial, and on any subsequent appeal.

On January 16, 2008, following a 24-day trial, the jury in the securities action returned a verdict for the plaintiff class on its claims that the defendants violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and that defendant Nelson also violated Section 20(a) of the Exchange Act. The court entered judgment in favor of the plaintiff class against defendants on January 30. On February 13, defendants filed post-trial motions challenging the verdict, seeking judgment as a matter of law, remittitur, and in the alternative, a new trial. The court set oral argument on these motions for August 4.

Defendants demonstrated in their motion for a new trial that the district court's admission of the PRR for the truth of the matters asserted, as well as its failure to give a sufficient limiting instruction, unduly prejudiced defendants' right to a fair trial. *See* Ex. A, D.E. 523, No. 04-2147

(D. Ariz.), Defendants' Motion for New Trial, at 23-25 nn.17 & 18.  This issue was the subject

of a motion *in limine* filed by defendants seeking to prevent admission of the PRR on the

grounds that it was hearsay, having relied almost exclusively for its conclusions on the

allegations provided by the relators in their complaint in the *qui tam* action, and that it lacked the

indicia of "trustworthiness" necessary to qualify under the hearsay exception for public records

and reports in Federal Rule of Evidence 803(8)(C).  *See* Ex. B, D.E. 288, No. 04-2147 (D. Ariz.),

Motion in Limine No. 1.  In support of this motion, defendants cited the limited work papers and

e-mail communications they had obtained from the DOE as a result of discovery proceedings

before this Court.  *See id.* at 10, 11.  Although that motion was denied, as was defendants'

request for a limiting instruction, defendants did not have the benefit of all the non-privileged

material that they were entitled to pursuant to their amended subpoena.

Nor can the DOE point to the jury verdict to excuse it from having to comply with the

subpoena.  Not only would that argument reward the DOE for its dilatory and unlawful conduct,

but the documents at issue remain relevant to matters yet to be resolved in the securities case.

Because the work papers and communications surrounding the DOE's program review of UOP

bear directly on the PRR's "trustworthiness" and, hence, its admissibility in the securities action,

it is critical that this Court compel further production, so that defendants may have the

opportunity to demonstrate unfair prejudice from the trial court's admission of the PRR in its

post-trial motions and, if necessary, on appeal.  *See, e.g.*, FED. R. CIV. P. 59(a), 60(b); *Goland v.*

*CIA*, 607 F.2d 339, 373 (D.C. Cir. 1978) (new trial appropriate on post-trial motions where there

is "newly-discovered evidence" and the defendant exercised "due diligence" to obtain and

produce that evidence in time for trial).

The district court in Arizona was well aware that the PRR was the subject of a motion to compel before this Court that might be decided at any time.  Indeed, the court in Arizona granted Apollo relief from the discovery deadline in that case so that Apollo could file, and this Court could decide, its motion to compel.  *See* Ex. C, D.E. 176, Minute Entry ("[t]he filing of the brief in the District of Columbia (DC) Court is not precluded and is not deemed a violation of this Court's discovery order").  Instead, the parties retained the right to object to the admissibility of any documents defendants might obtain once this Court issued its decision.  *See id.*  Therefore, there is no obstacle that prevents this Court from ruling on Apollo's motion to compel, and indeed, resolution of that motion is even more urgent now to prevent further prejudice to Apollo's interests, as it prepares for oral argument on its post-trial motions and potentially for appeal.[4]

---

[4]    In addition, as our previous motion papers make plain, the documents Apollo seeks here are also directly relevant to the *qui tam* action currently pending in the Eastern District of California.  *See* D.E. 1, Motion to Compel at 2.  If the defendants were required to brief the issues raised by this motion again in another forum, they would be prejudiced by additional expense and delay.

### III.    CONCLUSION

For the reasons set forth herein and in its earlier submissions, the Court should compel the DOE to comply with Apollo's July 3, 2006 amended subpoena and produce the documents requested in Apollo's motion to compel and supplemental briefing.

Respectfully Submitted,

Dated:  May 26, 2008

/s/ Jason J. Mendro
Douglas R. Cox, DC Bar No. 459668
Jason J. Mendro, DC Bar No. 482040
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
Telephone:  (202) 955-8500
Facsimile:  (202) 467-0539

Wayne W. Smith
Joseph P. Busch, III
Kristopher P. Diulio
GIBSON, DUNN & CRUTCHER LLP
4 Park Plaza, Suite 1400
Irvine, CA 92614
Telephone:  (949) 451-3800
Facsimile:  (949) 451-4220

*Attorneys for Defendant Apollo Group, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused to be served a true and correct copy of the Defendant Apollo Group Inc.'s NOTICE OF ADDITIONAL FACTUAL AND LEGAL DEVELOPMENTS by electronic means using the ECF system this 26th day of May, 2007, and have also provided courtesy copies via U.S. mail, to the following recipients:

Stephen R. Basser
Samuel M. Ward
Barrack, Rodos & Bacine
402 W. Broadway, Ste. 850
San Diego, CA 92101
sbasser@barrack.com
sward@barrack.com

Andrew S. Friedman
Bonnett, Fairbourn, Friedman & Balint
2901 North Central Ave., Suite 1000
Phoenix, AZ 85012
afriedman@bffb.com

Heather D. Graham-Oliver
United States Department of Justice
Judiciary Center Building
555 4th Street, N.W.
Washington, DC 20530
heather.graham-oliver@usdoj.gov

General Counsel
United States Department of Education
Office of the General Counsel
400 Maryland Avenue, S.W., Room 4083, FOB-6
Washington, DC 20202-2100

_/s/_ Jason J. Mendro

Jason J. Mendro